## Case No. 17,705.

### In re WILLIAMS.

[2 N. B. R. 229 (Quarto, 79); 3 Am. Law. Rev. 374; 1 Am. Law T. Rep. Bankr. 107. 113.] [1]

District Court, D. Connecticut. 1868.

BANKRUPTCY—PRIVATE DEBTS—SUBSEQUENT JUDGMENTS.

1. A judgment extinguishes the debt upon which it was founded, and constitutes a new debt. A judgment obtained after an adjudication of bankruptcy is not provable against estate of bankrupt.

[Cited in Re Montgomery, Case No. 9.731: Re Swift, Id. 13,693. Approved in Re Gallison, Id. 5.203; Re Mansfield. Id. 9,049. Disapproved in Re Hennocksburgh, Id. 6.367: Re Brown, Id. 1.975; Re Crawford, Id. 2.363; Re Vickery, Id. 16,930; Re Stansfield. Id. 13.294.]

[Cited in Bradford v. Rice. 102 Mass. 474; Conway v. Seamons. 55 Vt. 11; Moors v. Albro, 129 Mass. 12.]

1 [Reprinted from 2 N. B. R. 229 (Quarto, 79). by permission. 3 Am. Law Rev. 374, contains only a partial report.]

2. The trustee authorized to pay to the sheriff fifty dollars for the care and protection of the property from the time of obtaining the judgment.

[Cited in Zeiber v. Hill, Case No. 18,206.]

In bankruptcy.

Johnson T. Platt, for trustee.

S. L. Warner, for attaching creditors and sheriff.

SHIPMAN, District Judge. The bankrupt was a merchant in Portland, in this state, and on the 23d day of December, 1867, his goods were attached at the suit of L. N. Barlow & Co., by writ, which was returned to the superior court of Middlesex county, on the first Tuesday of February, 1868. On the 8th of January, 1868, the bankrupt filed his petition in this court for the benefit of the bankrupt act, and on the 13th was adjudicated a bankrupt. Having decided to proceed by way of a committee of creditors, a trustee was chosen on the 24th of February, 1868, and on the 27th the choice was approved by this court, and on the 29th, the estate of the bankrupt was duly transferred to the trustee. On the 6th of February, judgment was rendered in the superior court in the suit of Barlow & Co., against the bankrupt, and on the 7th execution was issued. The amount of the judgment was nine hundred and one dollars and forty-three cents debt, and ninety-one dollars and thirty-one cents costs of suit. On the 7th of March, the trustee applied to this court for an injunction to restrain the officer from selling the goods attached on the execution which he had levied. To this Hyde and Barlow & Co. were made parties, had appeared and filed an answer, claiming among other things, that the officer's fees, and his expenses incurred in the necessary care of the goods, was a lien on the goods in his hands. A hearing was had on this application before this court on the 29th of March, 1868, and it was held: First. That the transfer of the estate of the bankrupt on the 29th of February, 1868, to the trustee, vested the title thereto in him, to the same extent as title vests in assignees under proceedings, when by the act the latter take the estate; and that this title relates back to the commencement of the proceedings in bankruptcy. Second. That on the transfer to the trustee, the attachment referred to was by operation of law dissolved. Third. That the levy of the execution, if not void at the time, became void on the transfer of the bankrupt's estate to the trustee, and therefore confers no right upon the officer to sell the property levied upon, and that he was bound to deliver the same to the trustee on demand of the latter. Fourth. That the fees of the deputy sheriff Hyde for the attachment, levy, and care and custody of the goods can be presented to the trustee and proved, and before distribution of the avails of the assets of the bankrupt's estate, this court will pronounce upon the questions of priority and lien on their being pre-

sented in the usual way. Fifth. That the injunction asked for issue. An application is now made for the court to determine these questions, and also the question whether the judgment debt in favor of L. N. Barlow & Co. is provable, and therefore entitled to a dividend out of the estate.

The most important question is whether this judgment debt is provable against the estate of the bankrupt, and the judgment creditor has a right to a dividend thereon. This depends upon the question, whether it was an existing debt at the time of the adjudication in bankruptcy. On this point the authorities are numerous and decisive. A debt upon which a judgment of law is founded is merged in that judgment, and extinguished by it. The judgment constitutes a new debt, which takes its date from the time of the recovery. The debt, therefore, of L. N. Barlow & Co., upon which their suit was brought against the bankrupt, was extinguished by the judgment which they obtained. It no longer existed. It has had no existence since the rendition of that judgment, and can never again be called into life. The judgment itself constitutes a debt, but it had no existence at the time of the adjudication of bankruptcy, and is not, therefore, provable against the bankrupt's estate. Holbrook v. Foss, 27 Me. 441; Pike v. McDonald, 32 Me. 418; Sampson v. Clark, 2 Cush. 173; Kellogg v. Schuyler, 2 Denio, 72. There are other authorities in which the same principle is recognized. Faxon v. Baxter, 11 Cush. 35; Carrington v. Holabird, 17 Conn. 530. It follows that the debt in question is not provable against the estate of the bankrupt, and no dividend can be allowed thereon.

It is not now necessary to decide whether the fees and expenses of the officer up to the time of the rendition of the judgment were a lien on this property which this court would respect and cause to be discharged, had no judgment been rendered in the superior court. These fees and expenses, up to the rendition of that judgment, were also merged and extinguished in that judgment, and became part of the new debt. The goods, however, still remained in the custody of the officer after the attachment was dissolved and after the judgment was rendered. No formal demand was made by the trustee on the deputy sheriff till March 3, 1868, and then it seems that he continued to hold and care for them in virtue of an amicable understanding, until the decision of this court, on the 20th of March last. It is shown that this custody was attended with some expense, which was necessarily incurred, and for which the sheriff is entitled to be reimbursed, not as a debt provable against the estate, but as a part of the necessary expenses incident to its settlement. The trustee is, therefore, authorized to pay the sheriff, Arba Hyde, fifty dollars and no more for the custody, care, and protection of this property after the 6th of February, 1868.