*In re* JOHNSTON.

*(District Court, D. New Jersey.* June 30, 1883.)

BANKRUPT'S DISCHARGE—PARTNERSHIP—CREDITORS.

> Where, deducting from the list of creditors assenting to the discharge of a bankrupt partner those whose claims are against the partnership alone, it appears that one-third in value have not assented to the discharge, it must be refused.

In Bankruptcy. On application for discharge.

*John Linn,* for bankrupt.

*Charles T. Glen,* for creditors opposing discharge.

NIXON, J. Various specifications are filed against the bankrupt's discharge. In my view of the case it is only necessary to consider the one charging that not one-fourth of the creditors in number and one-third in value have assented to the discharge. It appears by the schedules of the bankrupt, by the proofs of claim, and by the evidence taken on the reference, that the said bankrupt, at the time he filed his individual petition for the benefit of the act, was also liable for the debts of a partnership of which he had been a member, and which had been dissolved a few years before. The partnership has not been

brought into bankruptcy, but a number of the claims put in against the individual estate are these partnership debts, and two or three of the creditors assenting to the discharge are only creditors of the partnership, and have no individual claim against the bankrupt. In the schedules the bankrupt estimates his interest in the real and personal estate of the late firm of W. L. & G. W. Johnston, after the settlement of the debts of the partnership, at about $8,000. We cannot, therefore, assume that there were no assets of the firm to be administered, and that the case will fall within that class of cases where, in the absence of all partnership assets, the discharge of the bankrupt on his personal petition operates upon his partnership as well as his individual debts. It only discharges his individual obligations. See *In re Little*, 1 N. B. R. 341; *In re Bidwell*, 2 N. B. R. 229; *Hudgins* v. *Lane*, 11 N. B. R. 462; *Crompton* v. *Conkling*, 15 N. B. R. 417; *In re Noonan*, 10 N. B. R. 331.

It was, doubtless, lawful for the partnership creditors to prove their claims against the individual estate of one of the partners, for they would be entitled to come in and participate in any dividend of the assets, if any should happen to remain after the payment of the individual debts in full. But consenting to the discharge is quite a different matter. The law clearly contemplates that only those creditors should be allowed to assent whose claims will be discharged by the discharge of the bankrupt.

Eliminating from the proofs the claim of Elias A. Wilkinson, trustee, for $47,999.26, on which the bankrupt is not liable as principal debtor, and allowing the other proofs to stand, their aggregate amount is $22,116.18—one-third of which is $7,372.06. Deducting from the list of creditors assenting to the discharge those whose claims are against the partnership alone, it is clear that one-third in value have not assented to the discharge, and the same is therefore refused.