## Case No. 8,311.

### In re LEWIS.

[2 Ben. 96;[1] 1 N. B. R. 289 (Quarto, 19).]

District Court, S. D. New York. Jan., 1868.

PARTNERSHIP — PETITION IN BANKRUPTCY BY ONE PARTNER — RATIFICATION.

1. Where one member of a firm alone filed his petition in bankruptcy, individually and as a member of the firm, and the register adjudged him a bankrupt individually and as a member of the firm, and also adjudged the firm a bankrupt: *Held*, that this latter action of the register was erroneous. In such a case, notice of the filing of the petition must be given to those members of the firm who have not joined in it, or assented to it, as if the proceedings were involuntary against the firm.

2. Where afterwards the other member of the firm presented a petition praying that both of them might be adjudged bankrupts, and that he might have leave to join in the first petition: *Held*, that this petition might be taken as expressing the assent of the petitioner to the petition of the other partner, and to validate the adjudication of bankruptcy against the firm.

[Cited in Re Griffith, Case No. 5,820.]

3. It was not necessary for him to otherwise join in the first petition. The proceedings as to his individual creditors would be had under his petition, and the proceedings as to the individual creditors of the other partner, and as to the creditors of the firm, would take place under the first petition.

In bankruptcy.

Benedict & Boardman, for petitioner.

BLATCHFORD, District Judge. In this case, the register, on the 18th of November, 1867 (on a petition filed by Henry Lewis individually, and as a copartner of the firm of P. & H. Lewis, on the 13th of November, 1867), adjudged Henry Lewis individually and as a copartner of the firm of P. & H. Lewis, and also the said firm of P. & H. Lewis, bankrupt. The petition was not joined in by Philip Lewis, who with Henry Lewis composed the firm, nor did Philip Lewis assent to having the firm declared bankrupt. This action of the register was erroneous. General order No. 18 prescribes the proper practice in such a case. Where a petition is filed to have a firm declared bankrupt, if all the members of the firm do not join in, or assent to the petition, notice of its filing must be given to such of the members as do not join in it or assent to it, in like manner as if the proceeding were one in involuntary bankruptcy against the members of the firm. Until this is done the register has no authority to make an adjudication in regard to the bankruptcy of the firm. Philip Lewis now presents to the court a voluntary petition, under the bankruptcy act [of 1867 (14 Stat. 517)], which prays that he and Henry Lewis may be adjudged bankrupts, and be discharged from their debts. The petition sets forth the copartnership, and the fact of the filing of a petition in bankruptcy by Henry Lewis, and is, in other respects, in form, a

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

copartnership petition according to form No. 2. The petition refers to schedules annexed to it as being schedules of the debts and assets of the copartnership, and of the debts and assets of Philip Lewis individually. Philip Lewis asks, on filing this petition, for an order that he have leave to join in the proceedings so heretofore taken by Henry Lewis, and his petition states that he is desirous of uniting in the petition of Henry Lewis, and of being made a party to the proceedings thereunder. So far as this petition of Philip Lewis expresses his assent to have the firm declared bankrupt, and his desire to join in the petition of Henry Lewis, Philip Lewis may properly be regarded as joining in the petition of Henry Lewis to have the firm declared bankrupt, so as to effect a compliance with general order No. 18, and thus validate the adjudication of bankruptcy in respect to the firm. But it is not in any other respect necessary for Philip Lewis to join in the proceedings taken by Henry Lewis, or to be made a party to them. The proceedings in respect to the creditors of the firm, and the creditors of Henry Lewis individually, will take place under the petition of Henry Lewis. The proceedings in regard to the creditors of Philip Lewis individually will take place under his petition. Philip Lewis will be adjudged a bankrupt, and receive a discharge under his own petition. Henry Lewis will receive a discharge under his own petition. So far as the petition of Philip Lewis is a petition for an adjudication of the bankruptcy of the firm, it may be disregarded, except as indicating the assent of Philip Lewis to join in the petition of Henry Lewis for an adjudication of the bankruptcy of the firm. Under such circumstances, general order No. 16 will not apply to the case, as there will be but one petition for an adjudication of the bankruptcy of the firm. The petition of Philip Lewis will be referred to the same register who has charge of the case of Henry Lewis.

[NOTE. The case was subsequently heard upon certificate of the register of the refusal by a witness upon examination before him to answer certain questions as tending to degrade the witness. Case No. 8,312.]