## Case No. 18,065.

### In re WRIGHT.

[2 Ben. 509;[1] 2 N. B. R. 142 (Quarto, 57); 36 How. Prac. 167.]

District Court, S. D. New York.　Oct. 7, 1868.

EXAMINATION OF BANKRUPT—FRAUD IN CONTRACT-ING A DEBT—EFFECT OF DISCHARGE.

1. Where creditors had filed proof of debt in a bankruptcy proceeding, alleging that the debt was contracted by fraud, and, on the examination of the bankrupt, proposed to inquire as to the facts constituting the alleged fraud, *held*, that the inquiry was irrelevant.

2. That a debt fraudulently contracted is not discharged by a discharge in bankruptcy, and that the question whether such discharge affects a debt can only be raised and determined in a suit to collect the debt, in which the discharge shall have been set up as a bar to the recovery.

[Cited in Re Herzberg, 25 Fed. 700.]

[Cited in brief in Fuller v. Pease (Mass.) 11 N. E. 695; Poillon v. Lawrence, 77 N. Y. 215.]

3. That section 21 of the bankruptcy act [of 1867 (14 Stat. 526)] does not apply to debts which, by section 33, are excepted from the operation of a discharge.

[In the matter of John S. Wright, a bankrupt.]

By JOHN FITCH, Register:[2] [This cause is now pending before me in this court of bankruptcy. The petitioner sets forth in his schedules an indebtedness as a member of the firm of Wright, Maxwell & Co. to Knowles & Forster, creditors. The petitioner sets out the cause of indebtedness as follows: "The said Knowles & Forster made a claim in Rio de Janeiro, as creditors of Wright, Maxwell & Co., and Maxwell, Wright & Co., on the failure of the latter firm, which claim, the petitioner believes, was admitted by the court at Rio. The petitioner believes the claim was for acceptances and advances made and given by said Knowles & Forster for said Maxwell, Wright & Co. and Wright, Maxwell & Co., but has no knowledge of the amount of said claim or how much is due thereon; all the papers and accounts relating thereto having been kept at Rio de Janeiro."

[On the 29th day of April, 1868, Knowles & Forster appeared before me at a court of bankruptcy, by attorneys Weeks & Forster, and proved their claim. On application and motion of Weeks & Forster, counsel for Knowles & Forster, I granted an order for the examination of the petitioner, who is now under examination on the part of Knowles & Forster; his examination on behalf of Knowles & Forster not having been concluded, the respective counsel submit in writing the following question pertinent to the issue:

["Counsel for Knowles & Forster, creditors, propose to examine the bankrupt to prove the nature of the transaction out of which the indebtedness of one hundred and thirty-four thousand and thirty-four dollars and sixty-one cents and interest thereon to said creditors arose, and that the indebtedness was created by the fraud and false representations of said bankrupt and his late partnership, for the purpose of showing that this debt cannot be discharged under these proceedings. Weeks & Forster, Attorneys for Knowles & Forster."

["The bankrupt, John S. Wright, objects that such inquiry is irrelevant; that the question of fraud in the creation of the debt cannot be litigated in these proceedings; that a debt fraudulently contracted is not affected by a discharge in bankruptcy, and can be collected notwithstanding such discharge, and that such question can only arise when it is undertaken to collect such debt after discharge is granted. Chapman, Scott & Crowell, Attorneys for Bankrupt."

[It is conceded that the debt referred to was contracted in the year 1864. The action of the respective counsel places the petitioner in a singular and anomalous position. The creditors had a right to prove their claim in the manner and form they did, it being a provable claim. The petitioner has a right to controvert or contradict such proof, and show that the indebtedness was not founded upon fraud, and was free from fraud, or that the creditors have effected a settlement thereof with some member of the firm of which petitioner was a member, or that the debt was contracted in the usual course of trade in a mutual, open, current and running account, running through a series of years, and that the petitioner was not present at the making of the contract, and that his only information on the subject was subsequently derived from others, and that the petitioner, personally, was entirely free from any fraudulent act or intent, or show in any way or manner that the debt was not fraudulent. This, as yet, he has not done, and as the case now stands, the allegation of Knowles & Forster, as per their proof of debt, stands admitted: therefore, section 33 of the bankrupt act governs this case. The bankrupt cannot be discharged from the debt proven by Knowles & Forster, but is entitled to a discharge from his other debts, and brings this case within the rule laid down by Register Dayton, and affirmed by the court (In re Tallman [Case No. 13,739]), in which case the register says: "The fact that the debt was created in fraud does not therefore constitute a ground of opposition to the discharge of the bankrupt, and as the examination of the bankrupt is for the purpose of ascertaining whether or not the bankrupt is entitled to a discharge under the act, evidence of fraud in the creation of the debt is not admissible."

[A suit is now pending in one of the courts of this state between Knowles & Forster

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [From 2 N. B. R. 142 (Quarto, 57).]

and the petitioner and others as defendants, for the recovery of the claim proven by Knowles & Forster. The petitioner has been adjudged a bankrupt; therefore all proceedings against him in the suit in the state court must stop, if enjoined by this court, as the subject matter of the suit has been proven against the estate of the petitioner in bankruptcy. The district court has full, complete and original jurisdiction, in this action, of the bankrupt, and of the assets of the bankrupt, and can, by its injunction, restrain and control the action of Knowles & Forster in their action in the state court, or stay the issuing of an execution or any judgment therein, as this court is competent and has the legal right to relieve the bankrupt from arrest or process from a state court, and also prohibit his arrest or prosecution in any other court, provided the debt is founded upon a contract—a debt from which a discharge in bankruptcy would relieve or release him—and also to decide the question of fraud; as it was evidently the design of congress that this court should do by the passage of the bankrupt act, as the form of the discharge clearly contemplates that the discharge should be a full, complete and final discharge, free from all reservations. In order to effect this the whole question should be passed upon by the court in bankruptcy. This court must necessarily inquire into the question of fraud, and also decide it, which decision will be final and binds all the state courts.

[The committing of a fraud in the contracting of a debt is a question of fact, and should not be decided on ex parte testimony, as it must be if decided on the testimony as it now stands. In re Glasser [Cases No. 5,474 and 5,475]; In re Borst [Case No. 1,605]; In re Frear [Id. 5,074]; Id., 3 How. [44 U. S.] 245. The judgment of the court upon all the proceedings in the cause, as well as upon the testimony setting forth all the facts that make up the fraud, is conclusive, and if the bankrupt is not discharged by the decision of the court upon the question of fraud, the bankrupt cannot contest that question in any other court, as he is estopped by the record of this court as the proceedings in bankruptcy, all the testimony must be filed. Section 5, Bankrupt Act; In re Patterson [Case No. 10,817]; In re Seymour [Id. 12,684]; In re Puffer [Id. 11,459]. The injunction or order of this court operates as a stay of proceedings or a release throughout the United States, and would compel the discharge of a person arrested or imprisoned by order of a state court. Hazleton v. Valentine [Id. 6,287].

[The petitioner, at this stage of the case, in order to obtain a discharge from the debt, as proven by Knowles & Forster, may do one of two things: First, he may, by affidavit showing the pendency of the action in the state court, of the pendency of these proceedings in this court in bankruptcy, of the

adjudication of bankruptcy, of the fact that this claim is set forth in the petitioner's schedules of liabilities, and that he admits the amount claimed by Knowles & Forster in their suit to be due. The district court will, on motion ex parte, grant an injunction restraining Knowles & Forster from all further proceedings in their action against the petitioner. Knowles & Forster would then be at liberty to move to vacate the injunction on the ground that the debt was contracted by fraud, and was provided for by section 33 of the act. The issue thus raised would be referred to a register to take testimony as to the fact, and the decision of the motion upon the testimony would conclude the proceedings. The United States district court has the power and can issue an injunction to stay, prohibit or restrain proceedings in a state court. But if the debt sought to be enforced is one founded upon fraud, such injunction will be vacated on motion. In re Reed [Id. 11,637]; In re Jacoby [Id. 7,165]; In re Metcalf [Id. 9,494].

[Second. The petitioner may consent that Knowles & Forster examine him as to the way and manner in which the debt was contracted, in accordance with the request of their counsel; he may also give evidence in regard to the same subject, also controvert the proof, as given in the proof of Knowles & Forster. The petitioner may apply to your honor upon all the proceedings and testimony in the case for an injunction as above stated; but if the petitioner suffers and permits the case to be decided by the court as it now stands, the decision of the court becomes res adjudicata as between the parties and privies to the action, the proof of Knowles & Forster becomes part of the record, and can be given in evidence on the trial in a state court; the petitioner will then be estopped from controverting it. I hold that a debt created by fraud can be litigated in these proceedings, and this court is the proper forum in which such questions should be passed upon. Any other course would tend to endless litigation in the state courts. If the petitioner chooses he can contradict or disprove the proof in this case, as given by the creditors, Knowles & Forster; but as the testimony now stands, the claim of the aforesaid creditors stands proven as a debt founded on fraud which cannot be discharged or affected by any discharge granted the petitioner, as the specification on that point is fully sustained by the proof, which is a re-statement of the specifications. In re Clarke [Case No. 2,844]; In re Elliott [Id. 4,391]; sections 32, 33, Bankrupt Act.

[The questions to be propounded by the counsel for Knowles & Forster are not admissible at this stage of the proceedings, but will be as soon as the petitioner, by testimony, controverts the proof made by Knowles & Forster. It is a well settled rule of law that whenever a matter in controversy has been once litigated

between the parties, including all who have a right to appear and contest the proceedings before any tribunal of competent authority and jurisdiction, then such adjudication, whether in form of a judgment, decree, order, report, decision or verdict, is final and conclusive as to such parties, and becomes a matter of res adjudicata as between the parties and privies thereunto. It works an estoppel, not only as respects the matter specifically litigated and determined thereby, but also as to all other matters fairly involved in the issues arising upon the same questions, although the subject matter of the second controversy, or the grounds upon which the second adjudication is sought may be different, and the questions passed upon may be proved by parol. Demarest v. Darg, 32 N. Y. 281; Gardner v. Buckbee, 3 Cow. 120; Bouchaud v. Dias, 3 Denio, 238; Birckhead v. Brown, 5 Sandf. 134; Doty v. Brown, 4 N. Y. 71; Embury v. Conner, 3 N. Y. 522, and cases cited; Castle v. Noyes, 14 N. Y. 329; Ehle v. Bingham, 7 Barb. 494; Supervisors of Onondaga v. Briggs, 2 Denio, 33; Burt v. Sternburgh, 4 Cow. 559; Bangs v. Strong, 4 N. Y. 315; White v. Coatsworth, 6 N. Y. 137; Dwight v. St. John, 25 N. Y. 203; Foster v. Milliner, 50 Barb. 385.

[The manner in which the creditors proved their claim (which thereupon at once became a part of the proceedings in the case, by section 5 of the bankrupt act has to be filed with and become part of the proceedings in the cause), at once created an issue of fact in the case as to whether the debt was or was not fraudulent; the creditors' proof shows it to have been a debt created in fraud. Of this proof the petitioner, by law, is bound to take notice; he cannot ignore it, as it has been duly filed and is now part of the proceedings in this case. The petitioner is now under examination as a witness, and knows the nature of the testimony given by Knowles & Forster. He may contradict it if he can; he must do it during the pendency of the trial of this cause, or the law will prohibit his doing so in any other court. In the state court the defendant, Wright, after his discharge, may plead it as a defence, and the plaintiffs reply that in the record of the defendant, Wright's, proceedings in bankruptcy this claim was proven to have been a debt fraudulently contracted and created, consequently, Wright would be estopped from showing that said debt was not fraudulently contracted. It is settled law that when a fact, appearing in the proceedings of a cause, is determined by the court, it operates, if properly pleaded, as an estoppel in any other suit between the parties. The rule holds good whether the fact arises directly from the pleadings, or collaterally in the case, as it works an estoppel as to the facts which it decides or the rights which it establishes. Manny v. Harris, 2 Johns. 24; Rice v. King, 7 Johns. 20.

[The fact that the petitioner submitted in silence to the proof given by Knowles & Forster, after he had knowledge of the fact, and he not contradicting, controverting or denying the same, he cannot now impeach the record of this court, but is estopped by the same. This principle is fully sustained in the cases of Jackson v. Hoffman, 9 Cow. 271; Etheridge v. Osborn, 12 Wend. 399; Stevens, Pl. 239. In the suit in the state court, Knowles & Forster could justly allege that the district court was the proper place to have the question decided; that it had original jurisdiction of the subject matter in controversy, as well as of the petitioner and creditors named in the petitioner's schedules; that testimony was given in the cause showing the debt to have been fraudulently contracted; that the question of fraud became an issue in the cause; that Knowles & Forster took the affirmative of the issue; that the petitioner did not negative or deny the same, and by failing to do so admitted the same. All of which will have then become a matter of record in the district court, and Wright will be forever precluded from contesting that fact in any subsequent or other suit with Knowles & Forster (Com. Dig. "Estoppel," art. 1) as they will claim that this is an estoppel by matter of record. 4 Mass. 625; 10 Mass. 155; 4 Munf. 466; 3 East, 354; 2 Barn. & Ald. 662; 17 Mass. 365; 5 Esp. 58; 1 Shaw, 47; 3 East, 346. In Mason v. Anthony, 35 How. Prac. 477, a case where a note had been made usurious in its inception and was purchased by a third party, the fact of usury was concealed from the purchaser, and the note was represented to have been valid business paper. In an action on the note the defendants set up the defence of usury; the court of appeals held the defendant was estopped by his representations from setting up the defence of usury.

[The specifications filed by Knowles & Forster are a mere transcript of the facts alleged and set forth in their proof of claim, so far as they relate to the contracting of the debt by fraud, consequently the creditors must be governed by the rule laid down in Re Clarke, and in Re Elliott [supra], which is decisive upon the point. I hold, as a matter of law, that as the claim now stands proven (as the testimony now stands) it is a claim founded in fraud, and by section 33 of the bankrupt act cannot be affected by any discharge under the act; that it is not competent for the creditors, Knowles & Forster, now to inquire into the question of fraud in the creation of the debt; that until the petitioner in some way contradicts the proof as given by Knowles & Forster as to the fraudulent contracting of the debt the evidence sought to be given by them is inadmissible, but should the petitioner contradict, controvert or explain the testimony given by the creditors, then the creditors will be entitled to the examination asked for.][2]

BLATCHFORD. District Judge. The creditors, Knowles & Forster, cannot be allowed to examine the bankrupt, to prove the nature of the transaction out of which the indebtedness

---

[2] [From 2 N. B. R. 142 (Quarto, 57).]

due to them arose, and that such indebtedness was created by the false and fraudulent representations of the bankrupt and his late partnership, for the purpose of showing that the debt cannot be discharged under the proceedings in bankruptcy. The examination proposed is wholly irrelevant. The question of fraud in the creation of the debt cannot be litigated in these proceedings. A debt which is, by section 33 of the act, excepted from the operation of a discharge, as is a debt created by the fraud of the bankrupt, can be collected notwithstanding the discharge. The question whether the discharge affects the debt in question can only arise and be determined between the parties in a suit prosecuted to collect the debt, in which the discharge, after it shall have been granted, shall be pleaded or set up as a bar to a recovery. There is nothing in the proof of debt in this case which can in any manner conclude or prejudice either party in any suit pending in any other tribunal, so far as regards the issue of fraud in the contracting of the debt. The creditors cannot be prejudiced by proving their debt, if it was in fact a debt created by fraud, for section 33 of the act expressly saves all their rights, even though they prove their debt. Nor, e converso, can any thing in the proof of debt affect or conclude the bankrupt on any issue as to the creation of the debt by fraud. Section 21 of the act, in so far as it declares that a creditor who proves his debt shall be deemed to have waived thereby all right of action and suit against the bankrupt, and that all proceedings already commenced, or unsatisfied judgments already obtained thereon, shall be deemed to be discharged and surrendered thereby, cannot be held to apply to or include a debt which is by section 33 excepted from the operation of a discharge; otherwise, sections 21 and 33 would be directly repugnant to each other, and while section 33 declares that such a debt shall not be discharged under the act, even though the creditor proves it, the creditor would, by section 21, be deprived forever of bringing any suit against the bankrupt to recover the debt, and would be held to have discharged any unsatisfied judgment for it already obtained. The provision referred to in section 21 applies only to a debt which will be discharged by a discharge.