JOHN POILLON, Appellant, *v.* CHARLES L. LAWRENCE et al., Respondents.

The remedy given by the bankrupt act (U. S. R. S., § 5120), by application to the District Court which granted a discharge, to annul it, applies only to cases where, upon some of the grounds specified, the creditor could have successfully opposed the granting of the discharge, had he known of the facts at the time of the application.

The remedy given by said act is exclusive only when the invalidity of the discharge is based on one or more of the grounds specified therein.

A discharge may be attacked by a creditor, in an action in a State court to recover his debt, for a fraud which is not one of those specified, and which does not necessarily affect its validity except as to the creditor.

*Ocean Nat. Bank* v. *Olcott* (46 N. Y., 12); *Black* v. *Blazo* (117 Mass., 17); *Thurmond* v. *Andrews* (10 Bush., 400), distinguished.

Where a discharge in bankruptcy is pleaded, the territorial jurisdiction of the court, granting the discharge, to entertain the proceedings, is an issuable fact.

*It seems,* that a discharge in bankruptcy of one member of a co-partnership, under proceedings giving no schedule of firm debts or assets, and not praying for a discharge from firm liabilities, will not relieve the bankrupt from such liabilities.

As to whether it bars recourse to the separate estate of the bankrupt for a firm debt, *quære.*

In an action by the assignee of a judgment to reach property alleged to have been paid for by the judgment-debtor, but conveyed to his wife in fraud of his creditors, the pleadings disclosed that the debt upon which the action was founded was contracted by the firm of C. S. Lazarus & Wolff, and the judgment was against the individual members of that firm. Lazarus subsequently changed his name, pursuant to the statute, to Lawrence, and procured his discharge in bankruptcy under that name. Defendants, who were said Lawrence and wife, pleaded the discharge in bar. Plaintiff replied, alleging in substance that until just prior to the commencement of this action, neither he nor his assignor had any knowledge of such change of name, and that they had no notice of the proceedings in bankruptcy until the answers were put in; that in said proceedings and the papers connected therewith, there was no mention of said firm, or of any connection of Lawrence with it, or of the change of name, or of any debt contracted by Lawrence in the name of Lazarus; and no notice, by publication or otherwise, was given of any application for a discharge of Lazarus from his debts; that these facts were purposely and fraudulently omitted, that notice of the proceedings might not reach the creditors of Lazarus. The reply also denied that the bankrupt resided, at the time of the presentation of his petition, within the district. *Held,* that a demurrer to the reply was improperly sustained; that the facts alleged were sufficient to show that the discharge was invalid or inoperative as to plaintiff's debt; and that the State court could refuse to give effect to it on that ground.

*Poillon* v. *Lawrence* (11 J. & S., 335), reversed.

(Argued February 5, 1879; decided May 20, 1879.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of defendants, entered upon an order sustaining demurrer to plaintiff's replies. (Reported below, 11 J. & S. 385.)

The complaint in this action alleged in substance that plaintiff was assignor of a judgment against Charles L. Lazarus and Elias Wolff; that said Lazarus is the defend-

ant Charles L. Lawrence ; that the wife of said Lawrence, the other defendant, after the rendition of the judgment, took conveyances of certain premises described, the consideration therefor being paid for by him, which conveyances were so taken in fraud of his creditors. The complaint asked to have such conveyances adjudged fraudulent as to plaintiff, and that the premises be adjudged subject to the payment of his judgment, etc.

The defendants answered separately, admitting the rendition of the judgment, and that defendant Lawrence is the person described therein as Lazarus, he having subsequently, under the provisions of the statute, changed his name to Lawrence. The answers then pleaded in bar the discharge of Lawrence in bankruptcy. In pursuance of an order of the court requiring him so to do, plaintiff served replies to the answers.

The substance of the replies is set forth in the opinion. Defendants demurred that the facts stated therein were insufficient to constitute a reply.

*Samuel Hand*, for appellant. The fact that the debtor obtained his discharge in proceedings under a different name from that in which the debt was contracted, without setting out or alluding to his change of name in his petition or schedule of debts, rendered it void as to debts contracted in his former name. (*In re Snook*, 2 Hilt., 566; Bump on Bankruptcy, 731; *Batchelder* v. *Low*, 8 B. R., 571; S. C., and 43 Vt., 662; *Beardsley* v. *Hall*, 36 Conn., 270; *Day* v. *Bordwell*, 97 Mass., 246; *Ferguson* v. *Crawford*, 70 N. Y., 253; *Taylor* v. *Porter*, 4 Hill, 140; *Hickock* v. *Schribner*, 3 Johns. Cases, 315; *Empire City Bank*, 18 N. Y., 189, and 8 Abb. Pr., 192; *Alcott* v. *Avery*, 1 Barb. Ch., 347; *Hubbel* v. *Cramp*, 11 Paige, § 10, and 1 Denio, 75, 332, 619.) Plaintiff is not precluded by section 5120 of the bankrupt act, or by any provision of that act, or by any principle of law, from contesting the discharge in the court where it is set up and pleaded as a bar to the action. (Bump on Bank-

ruptcy [8th ed.], 273, 729, 756; *Barnes* v. *Moore,* 2 B. R., 573; *In re T. H. Kimball,* 2 N. B. R., 204; *In re T. H. Kimball,* 2 Ben., 554, and 6 Blatchf., 292; *In re Rosenberg,* 2 B. R., 236, and 3 Ben., 14; *In re J. S. Wright,* 2 B. R., 142; 36 How. Pr., 167, and 2 Ben., 509; *Batchelder* v. *Low,* 43 Vt., 662; *Beardsley* v. *Hall,* 36 Conn., 270; *Knobe* v. *Hayes,* 71 N. C., 109; *Perkins* v. *Gay,* 3 B. R., 772; *Barnes* v. *Moore,* 2 B. R., 573; *Hayes* v. *Blore,* 14 M. & W., 387.) The discharge would be impeached for fraud in a State court. (*Claflin* v. *Houseman, Assignee,* 93 U. S. R., 130; *Cook* v. *Whipple,* 55 N. Y., 150.) The discharge is void for want of jurisdiction, the bankrupt not being a resident of the district for six months before his application. (Bump on Bankruptcy, 731, 749; *In re Penn,* 3 N. B. R., 582; 4 Ben., 99; *In re Goodfellow,* 3 N. B. R., 452; *Johnson* v. *Ball,* 15 N. H., 407; *Morrison* v. *Woolson,* 23 N. H., 11; *McCormick* v. *Pickering,* 4 N. Y., 276; 24 Barb., 649; 68 id., 416; *Chemung Canal Bank* v. *Judson,* 8 N. Y., 259, 260.) The discharge in this case upon the individual petition of Charles L. Lawrence, without setting out or alluding to the partnership, and without setting out any partnership debts in his schedules or asking for a discharge from such debts is not a valid discharge of the partnership debts of Lazarus & Wolff. (*Corey* v. *Perry,* 67 Me. R., 140; Bump on Bankruptcy, 62, 732–762; *Hudgins* v. *Lane,* 11 N. B. R., 330; *In re Lewis,* 2 Ben., 96; *In re Noonan,* 10 N. B. R., 331; *In re Martin,* 6 Ben., 20; *In re Foster,* 3 id., 386, and 3 N. B. R., 286; *In re Plumb,* 17 id., 76; § 5121 of Bankrupt Act; Rule XVIII, Form 2, Bump, 887 [8th ed.]; Bump, 758, 760; *In re Williams,* 3 N. B. R., 286.)

*H. Morrison,* for respondents. The discharge in bankruptcy extinguished the debt in suit. (*Ocean Nat. Bank* v. *Olcott,* 46 N. Y., 12.) The discharge in bankruptcy cannot be impeached in this court on the ground that it was improperly granted. (*Ocean Nat. B'k* v. *Olcott,* 46 N. Y., 12; *Stern* v. *Nussbaum,* 5 Daly, 382; *Stevens* v. *Brown,*

11 N. B. Rep., 568; *Black* v. *Blazo*, 117 Mass., 17; 13 id., 195 ; *Corey* v. *Ripley*, 4 id., 503; *May* v. *House*, id., 677.) The facts that the plaintiff's judgment was not mentioned in the bankruptcy schedules, and that neither the plaintiff nor his assignors had any notice of the proceedings, are immaterial. (*Stern* v. *Nussbaum*, 5 Daly, 382; *In re Archenbrown*, 11 N. B. R. Rep., 149; *Black* v. *Blazo*, 117 Mass.; 13 N. B. R. Rep., 157; *Lamb* v. *Brown*, 12 id., 522.) The fact that the debt was a partnership debt and the bankruptcy petition an individual petition is immaterial. Under some authorities that fact might be material if it was also alleged which, it is not, that the co-partnership was in actual existence, and that there were asssets belonging to the firm. (*In re Winkins*, 2 W. B. R. Rep., 349; *In re Little*, 1 id., 341; *In re Abbe*, 2 id., 75; *Wilkins* v. *Davis*, N. B. R. Rep., Feb. 15, 1877, p. 60.) The plaintiff's judgment was provable in the bankruptcy proceedings, even though it was a partnership debt and the petition was an individual petition. (*In re Frear*, 1 N. B. R. Rep., 660.)

RAPALLO, J. The allegations of the reply, which are necessarily admitted by the demurrer, show that the debt upon which this action is founded was contracted by the firm of C. L. Lazarus and Wolff, composed of Charles L. Lazarus and Elias Wolff, and judgment was recovered thereon against them by those names, in favor of plaintiff's assignors. That until a few months before the commencement of this action neither plaintiff nor his assignors had any knowledge or notice of the change of name of C. L. Lazarus to Charles L. Lawrence, and that they had no notice of any of the proceedings in bankruptcy taken in the name of Lawrence, until the answer was put in, although said creditors were publicly and conspicuously carrying on business in New York during all the time covered by the transactions. That in the petition and schedules and proceedings of the said Charles L. Lawrence in bankruptcy, there was no mention

of the firm of C. L. Lazarus & Wolff or Lazarus & Wolff or of said Lawrence as member of any firm, or of the plaintiff's debt or of any debt contracted by the bankrupt in the name of Lazarus or of any change of name of said Lawrence. And that no notice by publication or otherwise was even given of any application or proceedings for a discharge from debts of Charles L. Lazarus.

The plaintiff became a creditor in 1861, by assignment of a judgment recovered in 1859. The discharge in bankruptcy was obtained in the name of Charles L. Lawrence in 1871, but the plaintiff first discovered and became aware after January, 1876, that the person known as Charles L. Lawrence was the same person formerly known as Charles L. Lazarus, and he never knew of any legal proceedings to change his name, or of his proceedings in bankruptcy, until the answer was put in in this action, viz., April, 1876.

The reply alleges that the debt of the plaintiff was intentionally omitted from the list of debts contained in the petition of the bankrupt, and that all allusion to his change of name and to the fact that he was owing debts contracted under the name of Lazarus, was purposely and fraudulently omitted from his petition, schedules and proceedings in bankruptcy, in order that notice of such proceedings might not reach the creditors of said Lazarus.

The reply also takes issue upon the allegations in the answer that at the time of the presentation by the bankrupt of his petition he was a resident of the city and county of New York, and that he had resided or carried on business for the next preceding six months within the southern district of New York.

The questions presented by the demurrer are first, whether the facts set out in this reply are sufficient to establish that the discharge was invalid or inoperative as to the debt due to the plaintiff, and secondly whether it is competent for a State court to refuse to give effect to it on that ground, or whether the plaintiff was confined to the remedy provided by section 5120 of the Revised Statutes of the United States,

viz. : an application to the district court which granted the discharge to annul it.   The question of the jurisdiction of that court to grant it is also raised by the reply.

It is obvious that if relief could only be had under section 5120 the plaintiff in this case was wholly without remedy. Application for such relief could only be made within two years after the granting of the discharge, and it was not until nearly five years thereafter that the plaintiff had any knowledge or means of knowledge of the proceeding. Having been conducted under a name different from that of the debtor, and the creditor not having any knowledge of the change of name, even constructive notice by publication cannot be imputed to him, and it is evident that such a fraud as that alleged in the reply must always be successful, if knowledge of it can be kept from the creditors until the two years have elapsed.

But I do not think that the position can be maintained that an application under section 5120 to annul the discharge was the proper or only remedy under the facts of this case. That section applies to cases where some of several specified grounds existed, upon which a creditor could have successfully opposed the granting of any discharge, had he known the facts at the time of the application of the debtor, and it enables the creditor, upon proof that he did not know them at the time, to apply within two years to annul the discharge *in toto.*

The facts set up in this reply do not show ground for annulling the discharge as to all creditors, but only for holding it inoperative as to the debt due to the plaintiff, by reason of a fraud practiced upon him, and by reason of having failed to make him a party to the proceeding by proper publication or otherwise.   As to this plaintiff the bankrupt contracted a debt in one name and obtained a discharge in a different name, designedly omitting in his proceedings reference to any fact which would disclose that he was the same person who was debtor to the plaintiff.   It can hardly be supposed that any court would willingly sanction

a fraud of that description so far as it affects the plaintiff, but at the same time it would not necessarily invalidate the proceedings as to creditors of the bankrupt with whom he had contracted in his new name and who were properly made parties to the proceeding, and shared or might have shared in dividends from his estate.

But another and independent ground for holding that the remedy by application to the district court was not exclusive is that such an application can only be based upon some one or more of the ten grounds specified in section 5110. The remedy is exclusive only when the invalidity of the discharge is based upon some of those grounds, and the particular grounds must be specified in the application, and evidence cannot be given of any others. There is no provision authorizing such an application on the general ground that the discharge was fraudulently obtained. The particular fraud must be specified, and it must consist of one or more of the ten enumerated acts. In such cases the jurisdiction of the United States Court is doubtless exclusive. But in the present case the fraud is of a peculiar and exceptional nature, not one of those specified, and not one which necessarily affects the validity of the discharge except as to the creditors upon whom the fraud was specially practiced. The common law jurisdiction of the State courts in matters growing out of bankruptcy proceedings is not abrogated or divested, except when the jurisdiction of the United States Courts is expressly made exclusive. *Claflin* v. *Houseman, Assignee* (93 U. S., 130), and I understand the principle to be recognized in the courts of the United States as well as of several of the States, that the bankrupt act does not intend to provide that the bankrupt court shall have exclusive power to pass upon the question whether a particular claim will or will not be released by a discharge, and that that inquiry is one properly to be made by the court in which a suit on the debt is pending. So it has been held that it is for the State court, if the action is there pending, to determine whether the claim is one of those which by the terms of the bankrupt .

act is not barred by a discharge. (*In re J. H. Kimball*, 2 Ben. Dist. Ct. R., 554, 556, affirmed, 6 Blatch., 292 ; *In re Wright*, 2 Ben., 509 ; *In re Rosenberg*, 3 id., 14, 18.) In *Batchelder* v. *Low* (43 Vt., 662), it was held, in an action in the State court against a discharged bankrupt, that the bankrupt act did not prevent the plaintiff from contesting the validity of the defendant's discharge as to the debt in suit, by alleging and showing that it was obtained in proceedings of which the plaintiff was fraudulently deprived of notice. The general common law principle was there applied, that a judgment obtained by fraud was voidable as against the party imposed upon, and although it was conceded that as to certain frauds the remedy was exclusive in the United States courts, yet that it was not exclusive as to the one set up. That the creditor was entitled to all the notice of the proceeding which the bankrupt law provided for him, and if he was fraudulently deprived of that, he was not bound by the proceeding, though it might be valid as to other persons. That the bankrupt law provided a way for setting aside the discharge altogether, but furnished none for setting it aside as to some, and leaving it in force as to others.

It certainly could not have been the intention of the bankrupt act to provide that whatever fraud or artifice the bankrupt might resort to for the purpose of keeping knowledge of the proceedings from a particular creditor, or preventing him from opposing them, the discharge should nevertheless be valid as to such creditor. It is argued that because no such case is provided for in section 5120 therefore no redress can be had in any tribunal. But I think the more rational construction of the act is, that the particular matters provided for in section 5120, and which go to annul the discharge *in toto*, shall be litigated in the United States courts, and that the principles which prevailed before the passage of the act, giving to creditors protection in the courts in which they prosecute their claims, against a discharge which the defendant ought not in law or morals to be permitted to set up

against their particular claims, are not abrogated, so long as their enforcement by the State courts does not interfere with the jurisdiction which has been specially reserved to the United States courts, over certain classes of frauds, nor with the power of those courts to adjudge a discharge void as to all creditors. The right of a creditor, in an action brought for the recovery of his debt, to contest the validity of the discharge on the ground of fraud, has always been recognized under former bankrupt laws, and I see no reason why it does not still exist, except so far as exclusive jurisdiction in the United States courts can be claimed in the cases provided for by section 5120. In *Ocean National Bank* v. *Olcott* (46 N. Y., 12), no such question arose. The fraud there set up was one of those which would have been ground of opposing the discharge, and the attempt was to show that the discharge had been improperly granted. This court held that it could not be impeached in the State court on that ground. There was no question of fraud upon the particular creditor which should preclude its being set up as against him.

The case of *Black* v. *Blazo* (117 Mass., 17), is cited in opposition to that in 43 Vermont, but the case rests upon the ground that the fraud set up was one of those which invalidated the discharge under the twenty-ninth section of the bankrupt law and furnished ground for an application to set it aside under the thirty-fourth section, which was the same as section 5120. It does not differ in principle therefore with the Vermont case, or with the views here expressed. The case of *Thurmond* v. *Andrews* (10 Bush. Ky. R., 400), is to the same effect, viz. : that a State court can neither annul nor disregard a discharge granted by a court of bankruptcy for any cause that would authorize such court to set it aside. That is the extent to which any of the cases go. The fraudulent omission of the name of a creditor is not specified in sections 29 and 34 or sections 5110 and 5120 as a ground of opposing or annulling a discharge, and there is considerable doubt whether it should annul it as to all creditors. The only ground upon which such an effect could be claimed for

it is that it involves the offence of willfully swearing falsely in relation to a material fact. But assuming that the bankrupt has committed an offence which would have been ground for annulling his discharge—yet if in addition to that he has practiced a fraud upon a particular creditor, which is not one of those reached by sections 5110 and 5120, the creditor should not be barred from setting up that fraud. All that he has lost by not applying under section 5120 within the two years, is the right to have the discharge annulled for false swearing. In the reply in question none is alleged. It is alleged that he contracted the debt to the plaintiff or his assignors, in the name of Lazarus. That he applied for the benefit of the bankrupt act in the name of Lawrence, and that he designedly omitted in his proceedings reference to his change of name or to any fact which would disclose that he was the same person, and that no notice was given by publication or otherwise of any application or proceeding for a discharge from debts of Charles L. Lazarus, and that all allusion to his change of name and to the fact that he had debts contracted under the name of Lazarus was purposely and fraudulently omitted from his proceedings in order that notice of them might not reach the creditors of said Lazarus.

All this may have been done without false swearing, or in addition to false swearing, and a fraud thus committed which is not in any way guarded against by or remediable under the provisions of the bankrupt act, and is consequently cognizable in any court in which the discharge obtained by means of such fraud may be set up.

Questions may be involved in this case as to whether under such a proceeding jurisdiction was obtained over creditors who had no notice of the identity of Lawrence with Lazarus and consequently no notice even by publication of the proceeding; but I do not deem it necessary to discuss those questions. One point however relating to jurisdiction seems to be raised to which no answer has been made, and that is that the reply demurred to denies the facts of residence, etc.,

which are essential to give jurisdiction to the District Court of the Southern District of New York. The demurrer to the reply is general and I see no reason why the territorial jurisdiction of the court to entertain the proceeding is not an issuable fact. (*Ruckman* v. *Cowell*, 1 N. Y., 505; *Chemung Canal Bank* v. *Judson*, 8 id., 254, 259; *McCormick* v. *Pickering*, 4 id., 276.)

We have not deemed it necessary to pass upon the question whether the proceedings in this case were in proper form to bar debts due by Lawrence as a member of the firm of Lazarus & Wolff. *Corey* v. *Perry* (67 Maine, 140), holds that under such proceedings, giving no schedule of firm debts or assets, nor praying for a discharge from firm liabilities, the discharge when obtained will relieve the bankrupt only from his individual indebtedness and not from partnership liability. This position seems to be sustained by numerous authorities. (1 Bank R., 341; 22 Wall., 395; 3 Biss., 491; *Hodgins* v. *Lane*, 11 Nat. Bank Reg., 463; 15 id., 417; 2 Ben., 96; 3 id., 386; 6 id., 20; 10 Nat. Bank Reg., 331; 17 id., 76.) The assignee under such a proceeding acquires no title to the firm assets, and it would seem to follow that a discharge granted therein should not affect the firm debts. Whether it bars recourse to the separate estate of the discharged partner, for a firm debt, does not seem to have been authoritatively determined.

The judgment should be reversed and judgment rendered for the plaintiff on the demurrer, with costs, with leave to defendant to withdraw the demurrer on payment of costs within twenty days and answer over.

All concur.

Judgment accordingly.