# SUPREME COURT.

RICHARD O'GORMAN agt. WILLIAM H. ARNOUX.

*Answer — Reply — When the court will or will not require a reply — Code of Civil Procedure, section 516.*

Under the old system of pleading, confession and avoidance meant an admission in a pleading of the truth of the facts as stated in the pleading to which it was an answer, and the allegation of new and related matter of fact which destroyed the legal effect of the facts so admitted; and it was an elementary rule in regard to such pleadings, that they must admit the material facts of the opponent's pleadings, either in terms or effect.

There can be no avoidance without an admission that but for the fact of the avoiding matter the plaintiff would be entitled to judgment against the defendant.

Where, in a *quo warranto* suit, brought by the relator to test the title of defendant to the office of judge of the superior court, the answer alleged the filing by judge SPEIR (the former incumbent) of the certificate required by statute, in the office of the secretary of state, stating his age and the time when his official term would expire, and that no proceedings to impeach or to set aside or to amend the same, were taken while said Speir continued in the possession and enjoyment of said office, and that said certificate and record were and are unimpeached and entitled to full faith and credit; and also alleged the contents of judge SPEIR's letter of resignation, and that no proceedings whatever were thereafter taken by plaintiff, or by any other person, to have the office of said Speir declared vacant or have him ousted therefrom. Upon an application to compel the relator to reply to the new matter set up in the answer:

*Held*, that the new matter which is thus set forth is not such a defense as is contemplated by section 516 of the Code of Civil Procedure, for the reason that such new matter does not constitute a defense by way of avoidance, and the relator should not be required to reply.

*Special Term, March,* 1882.

*Stewart L. Woodford,* for the motion.

*Francis N. Bangs* and *W. C. Trull,* opposed.

O'Gorman agt. Arnoux.

LAWRENCE, *J.* — This case comes before me upon a motion made on the part of the defendant that the plaintiff be required to reply to the new matter set up in the answer, in this action. The new matter referred to is set forth in the third, fourth and fifth paragraphs of the answer, and is as follows:

" III. For further answer to the complaint defendant states as follows:

*First.* That within ten days after said Gilbert M. Speir entered upon the duties of his office, and on or about the 5th day of January, 1874, he, the said Speir, made and signed a certificate in the words and figures following:

CITY AND COUNTY OF NEW YORK, *ss. :*

I, Gilbert M. Speir, judge of the superior court of the city of New York, do certify that my age is sixty-one, and that my official term will expire on the last day of December, 1882.

Dated *January,* 1874.

(Signed)     G. M. SPEIR.

*Second.* That said certificate was duly filed in the office of the secretary of state of the state of New York, who thereupon made a record of the time of the commencement and termination of the official term of said Gilbert M. Speir as judge of said superior court; and that such record stated that said official term ended on the last day of December, 1882, and that said certificate and record remain on file and of record in the office of the said secretary of state.

*Third.* That no proceedings to impeach or to set aside or amend said certificate and record, or either of them, were taken while said Speir continued in the possession and enjoyment of said office of judge of the superior court, or at any time since; and said certificate and record were and are unimpeached and entitled to full faith and credit.

*Fourth.* That said Gilbert M. Speir, while in the possession of said office and in the discharge of his duties thereof, on

the 23d day of August, 1881, addressed a communication to the secretary of state of the state of New York, in the words and figures following, to wit :

NEW YORK, *August* 23, 1881.

To the Hon. JOSEPH B. CARR, *Secretary of State, Albany, N. Y.:*

DEAR SIR. — I hereby tender my resignation as one of the judges of the superior court of the city of New York, to take effect on the 31st day of December, 1881. I trust this will give you ample time to notify the proper officials, that the office which will become vacant may be filled at the approaching election.

Very respectfully yours,

GILBERT M. SPEIR.

*Fifth.* That no proceedings whatever were thereafter taken by plaintiff, or by any other person, to have the office of said Speir declared vacant or have him ousted therefrom."

Section 516 of the Code of Civil Procedure provides that " where an answer contains new matter constituting a defense by way of avoidance, the court may, in its discretion, on the defendant's application, direct the plaintiff to reply to the new matter." This section is, in substance, the same as the last paragraph of section 153 of the Code of Procedure.

It is contended on the part of the relator that the new matter which is set forth in the defendant's answer is not such a defense as is contemplated by the section of the Code of Civil Procedure just referred to, for the reason that such new matter does not constitute a defense by way of avoidance; and, upon an examination of the cases to which I have been referred, I have arrived at the conclusion that in this respect his contention is correct.

The new matter upon which the defendant relies does not seem to me to be a defense by way of avoidance. The constitution of the state provides " that the official terms of the

O'Gorman agt. Arnoux.

said justices and judges who shall be elected after the adoption of this article shall be fourteen years from and including the first day of January next after their election; but no person shall hold the office of justice or judge of any court longer than until and including the last day of December next after he shall be seventy years of age" (*Constitution, art.* 6, *sec.* 13). And chapter 86, section 8 of the Laws of 1870, provides that "every person elected chief judge or associate judge of the court of appeals, whether at the first or at any subsequent election, and every person hereafter elected justice of the supreme court, judge of the superior court of the city and county of New York, or of the court of common pleas of said city and county   *   *   *   shall, within ten days after he enters on the duties of his office, make and sign a certificate in which he shall state his age and the time when his official term will expire, whether by effluxion of a full term or by reason of the disability of age prescribed in the constitution. The certificate shall be filed in the office of the secretary of state, and the secretary of state shall keep in his office a record in which shall be stated the name of every person elected or appointed to any office in this section specified, and the time of the commencement and termination of his official term."

It will be perceived that the statute does not declare what the effect of the filing of the certificate in the office of the secretary of state shall be. It certainly is not declared to be final and conclusive evidence upon the question of the age of the judge by whom such certificate is filed. The certificate is a matter of public record, the contents of which are capable of being ascertained by any one who will inquire at the office of the secretary of state; and I do not see, therefore, why there should be an order made requiring the relator to reply to the allegations in respect thereto in the answer contained. So, also, as to the letter of resignation addressed by judge SPEIR to the secretary of state.

I have not been referred by the learned counsel for the

O'Gorman agt. Arnoux.

defendant to any case which appears to me to be either precisely similar or, indeed, analogous to the case now under consideration.

In the case of *Hubbell* agt. *Fowler* (1 *Abb.* [*N. S.*], 1), an answer had been put in interposing the statute of limitations, and a reply thereto was ordered. It will be perceived that that defense admitted the plaintiff's cause of action, but sought to avoid the same by reason of the statute.

In the case of *Brinkerhoff* agt. *Brinkerhoff* (8 *Abbott's New Cases*, 207), the action was for dower, and the defendant alleged that the deceased had been divorced from the plaintiff. I there ordered the plaintiff to reply, because it was quite apparent that the defendant was entitled to be apprised of the way in which the plaintiff proposed to avoid or overcome the decree of divorce.

The case of *Jarvis* v. *Pike* (*reported in* 11 *Abb.* [*N. S.*], 398) also arose on an answer interposing the statute of limitations, and a reply thereto was ordered.

The case of *Poillon* agt. *Lawrence* (77 *N. Y.*, 207) arose on an answer pleading a discharge in bankruptcy.

All of these cases seem to me to have been directly within the language of the section of the Code under which this motion was made, and to have contained "new matter constituting a defense by way of avoidance." The new matter in the answer in the present case cannot fairly be said to be matter in avoidance. Under the old system of pleading, confession and avoidance meant an admission in a pleading of the truth of the facts as stated in the pleading to which it was an answer, and the allegation of new and related matter of fact which destroyed the legal effect of the facts so admitted; and it was an elementary rule in regard to such pleadings that they must admit the material facts of the opponents pleading, either in terms or in effect. If that test is applied to the new matter pleaded by the defendant in this action, it is quite apparent that such new matter is not a confession and avoidance. The defendant certainly does not

intend, upon a proper construction of his answer, to admit that judge SPEIR became and was seventy years of age sometime subsequent to the 1st of September, 1879, and prior to to December 31, 1881, "while in the possession of such office" and "in the discharge of the duties thereof;" nor that the relator was, at the election in November, 1881, duly elected a judge of the superior court, as the successor of judge SPEIR; nor that on or about the second of January, 1882, the defendant usurped and intruded into and unlawfully holds and exercises the office of judge of the superior court; and yet, as was, I think, correctly contended by the relator's counsel on the argument of the motion, such must be the position of the defendant if the new matter referred to is to be held as an avoidance of the plaintiff's cause of action. In other words, I do not understand that there can be an avoidance without an admission that but for the fact of the avoiding matter the plaintiff would be entitled to judgment against the defendant. As I have already said, the statute does not declare what the effect shall be of the filing of the certificate by the judge with the Secretary of State under the eighth section of chapter eighty-six of the act of 1870. It would seem, however, to have been required by the legislature as a safeguard. It does not seem reasonable to suppose that the certificate was to import absolute verity, nor that it could not be controverted, impeached or assailed.

These considerations lead me to the conclusion that the defendant has not brought his case within the meaning or the language of the statute. Even if this were not so, I should feel constrained to deny the motion for the reason that it is addressed entirely to my discretion, and I can see no possible harm to the defendant in denying it. On the other hand, the case is one of great public importance, and one that should be speedily disposed of on the merits.

It appears from the papers before me that the cause has been regularly noticed for the ensuing April Term. The granting of this motion might delay the trial and postpone a

decision upon the merits; and any and every right of either party can be protected by the justice at circuit before whom the cause may be tried. Motion denied, with ten dollars costs.