KINGS COUNTY.—HON. J. I. BERGEN, SURROGATE.—
July, 1884.

JONES *v.* LE BARON.

*In the matter of the estate of* CALEB B. LE BARON,
*deceased.*

In a special proceeding instituted under Code Civ. Pro., § 2750, *et seq.*, to
procure a decree directing the disposition of a decedent's real property
for the payment of his debts, the fact that an alleged creditor's claim
has already been presented to and admitted by the personal represen-
tative throws the burden of proof upon a party objecting thereto.

The provision of Code Civ. Pro., § 829, forbidding a party to a special pro-
ceeding to be examined, upon the hearing, in his own behalf, *against
the executor or administrator* of a deceased person, concerning a per-
sonal transaction or communication between witness and the decedent,
does not apply to a special proceeding instituted, by a creditor, to dis-
pose of decedent's real property for the payment of his debts, where
the testimony of another alleged creditor, offered in his own behalf,
concerning such a transaction or communication, is objected to by
petitioner. The rule is for the protection of the personal representa-
tive of decedent, and he alone can take advantage thereof.

A decedent's discharge in bankruptcy may be attacked collaterally, in a
special proceeding in a Surrogate's court relating to his estate, and
declared void, as against a creditor as to whom the same was fraudu-
lently procured.

Payments made by an administrator to redeem decedent's real property
from sales for arrears of taxes, allowed to him, in a peculiar case, as a
preferred claim against the estate, with interest.

HEARING of objections upon an application, made
by William A. Jones, an alleged creditor, for a decree
directing the disposition of decedent's real prop-
erty for the payment of his debts. The facts ap-
pear sufficiently in the opinion.

BLANCHARD, GAY & PHELPS, *for administrator and others.*

GEO. WILCOX, R. L. SCOTT, ADRIAN VAN SINDEREN *and* A. W.
GLEASON, *for objecting creditors.*

THE SURROGATE.—This is an application, under § 2750 of the Code of Civil Procedure, for a decree directing the sale of the property of a deceased person for the payment of his debts.    Upon the return of the citation, a number of creditors appeared and presented their claims.    The claims of Anna G. Le Baron for $2,405.57; Oceana H. Le Baron for $19,305.50; Mary E. Le Baron for $23,372.53; and the administrator for the sum of $926.40, were disputed.    It appears by the evidence that the personal property is insufficient to pay the debts of the decedent, and therefore the creditors are compelled to resort to the real estate of the decedent for the payment of the same.    It also clearly appears that the debts of the decedent are largely in excess of the value of the real estate, and that, in no event, could the creditors receive more than a small *pro rata* amount of their claims.    William A. Jones, who has presented and proved his claim, objects to the claims of the Le Baron family, to wit: Oceana H. Le Baron, Mary E. Le Baron, and Anna G. Le Baron, who are sisters of the decedent—first, upon the ground that the proof of the indebtedness is too indefinite; second, that, under § 829 of the Code, all the evidence of these parties concerning conversations or transactions with Caleb B. Le Baron should be excluded; third, that the discharge in bankruptcy of Caleb B. Le Baron estops these claimants from establishing their claims.

I have carefully reviewed all the testimony taken in these proceedings, and am of the opinion that these claims were sufficiently proved, unless the testimony given by the claimants as to the conversations and

transactions with the decedent should be stricken out. It appears, from the account of the administrator on file in this office, and the evidence in these proceedings, that the administrator had admitted these claims. The petitioning creditor simply objects to the said claims, but offers no evidence to show that they are not valid.

It seems to me that the claims having been presented to the administrator and by him admitted to be valid claims against the estate establishes, *prima facie*, their validity, and puts the burden of proof upon the objector (Matter of Fraser, 92 *N. Y.*, 239). Section 828 of the Code declares that "a person shall not be excluded or excused" on account of interest except as otherwise specially provided. Nor do I think that it comes within the exception provided in § 829 of the Code, which declares "that a party or a person interested in the event . . . . . shall not be examined in his own behalf or interest . . . . . against the executor, administrator or survivor of a deceased person . . . . . concerning a personal transaction or communication between the witness and the deceased person . . . . . except where the executor, administrator or survivor . . . . . is examined in his own behalf . . . . . concerning the same transaction or communication." To exclude evidence under this section, the case must be brought strictly within the wording of the statute. It is not enough to be within its spirit (Seven v. National Bank of Troy, 18 *Hun*, 228; Lobdell v. Lobdell, 36 *N. Y.*, 327). The testimony referred to is not against the administrator or survivor, as the statute

says it must be.    The administrator admits the claims, and the survivor does not object to the evidence. The objector is merely a creditor of the decedent. The statute was enacted to protect the representatives of deceased persons, and they are the only persons who can take advantage of it..

The claimants in this proceeding are the sisters, heirs and survivors of the decedent.    They loaned him a large portion of their property, and trusted implicitly in his integrity and ability to pay them.    In my opinion, they have a strong legal and moral claim upon his estate for the payment of the same.

The only question remaining to be determined is, does the discharge in bankruptcy of Caleb B. Le Baron, in 1868, operate as a discharge of these claimants' debts.

It appears from the evidence that the claim of Anna G. Le. Baron arose after the discharge was granted, and therefore is not affected by it; and that the portions of the claims of Oceana H. Le Baron and Mary E. Le Baron, which arose prior to the granting of the discharge, are not barred by it, inasmuch as the proceedings in bankruptcy of Caleb B. Le Baron omitted to mention them as creditors, and they did not receive any notice of said proceedings, and had no knowledge that he had been discharged in bankruptcy.

I am of the opinion, from the evidence, that the decedent, Caleb B. Le Baron, wilfully and fraudulently omitted their names from the schedule of his debts in bankruptcy; that he never caused them to be notified of the said proceedings for his discharge;

that he knew he was in debt to these claimants, his sisters, and knew where they resided, as they frequently visited him at his office during and before the time when the proceedings in bankruptcy were in progress. He commenced in 1850, paying money on account of his indebtedness to each of his said sisters and continued so doing until within a month of his death. By omitting their names from the schedules in bankruptcy, and keeping them and each of them in entire ignorance of his proceedings therein, he deprived them of the opportunity to resist his discharge, or to participate in their share of the dividends of his assets.

In the case of Batchelder v. Low (8 *National Bankruptcy Register*, 571), it was held " that the discharge is to be pleaded in suits upon claims in courts where pending, and those courts must to some extent determine the validity and effect of the pleas. No other court could consider them and render judgment upon them in those cases. The provision in the same section, that the certificate shall be conclusive evidence of the fact and regularity, seems to relate to the mode of proof of the discharge, and not the effect of it when proved. As now understood, the provisions of the Bankrupt act do not prevent plaintiffs from contesting the validity of the discharge, as to them, in this court, by showing that it was obtained upon proceedings of which they were fraudulently deprived of notice."

In the case of Poillon v. Lawrence (77 *N. Y.*, 207), it was held that, where a bankrupt applied for a discharge in a name other than the one in which he

contracted the debt, thus depriving the creditor of any notice of the application for his discharge, it could be attacked in the court in which the creditor sought to establish his claim, and that the discharge would be held inoperative as to the debt of the creditor defrauded thereby, by reason of the failure to make him a party to the proceeding, by proper publication or otherwise.

I am, therefore, led to the conclusion that, by reason of the bankrupt having wilfully and fraudulently omitted the names and claims of his sisters from his schedules of his debts, and not having given them any notice of the application for his discharge, the discharge can be attacked by them in this court, and so far as the same affects said sisters it is inoperative.

In reference to the claim of the administrator for having paid taxes upon property at East New York, Kings county, amounting to $926.40, on November 20th, 1883, it appears from the evidence that the same had accumulated upon the property now sought to be sold under these proceedings, for the years 1871 to 1876, and the property was sold by the State Comptroller for arrears of taxes of those years; and that the administrator redeemed the same on the day named, in order that the property might not be charged with the additional interest of ten per cent.

While the administrator, strictly, has nothing to do with the real estate of the decedent, and has no right to apply the personal property in payment of claims against the real estate, still, the only property the decedent left of any value was this real estate in question, and, the administrator having acted in good

faith, and for the best interests of the estate, in redeeming the property from the sale for the unpaid taxes which had been levied and confirmed as a lien upon this real estate prior to the death of the decedent, I think that the same should be allowed to him as a preferred claim against the decedent, with interest thereon from November 20th, 1883; for, if it had not been redeemed, the taxes would still remain as an existing and first lien upon this property. The administrator having paid them, he should be subrogated to the right the State had against the property for the unpaid taxes.

Decreed accordingly.