## Case No. 8,390.

### In re LITTLE.

[2 Ben. 186; [1] 1 N. B. R. 341 (Quarto, 74); 15 Pittsb. Leg. J. 268.]

District Court, S. D. New York. March 4, 1868.

BANKRUPTCY—COPARTNERSHIP—AMENDMENT.

Where a bankrupt filed his petition, in which there was no allusion to the fact that he was a member of a firm, although the schedule showed debts contracted by him as member of a firm, and that there were credits due to said firm, and he was adjudicated a bankrupt, and an assignee was duly chosen by the creditors, and the bankrupt then presented a petition to the register stating that he was a member of a firm, and asking leave to amend his petition and schedules so as to allow the other member of the firm to be joined with him, so that he might be discharged from the debts of the firm, which the register refused: *Held,* that the register should have granted his petition. The bankrupt had prayed to be discharged from all his debts, and could not be discharged from the debts of the firm until the partner was brought in.

[Cited in Re Winkens, Case No. 17,875; Re Heller, Id. 6,339; Re Stevens, Id. 13,393. Approved in Hudgins v. Lane, Id. 6,827. Cited in Wilkins v. Davis, Id. 17,664; Crompton v. Conkling, Id. 3,407; Re Webb, Id. 17,317; Re Griffith, Id. 5,820; Re Henry, Id. 6,370; Re Brick, 4 Fed. 806; Re Johnston, 17 Fed. 72.]

[Quoted in Corey v. Perry, 67 Me. 143.]

The bankrupt, William H. Little, in this case, filed his petition on December 10th, 1867, and was adjudged a bankrupt, and on February 8th, 1868, at the first meeting of creditors, an assignee was appointed, and the assignment executed. The petition made no allusion to a copartnership, but, in the schedules attached to the petition, it appeared that debts had been contracted by him in a firm name, and that there were credits due to the firm. On February 25th, 1868, the bankrupt presented to the register a petition, stating that he had filed his petition as a member of a firm, but had omitted to include his partner Dana, and praying for leave to amend his petition and schedules so as to permit his partner to be joined with him in his final order of discharge, adjudging him discharged from the debts of the firm. The register denied the request of the petitioner, and certified the question to the court.

[2] By the Register:

[I, James F. Dwight, the register in charge of this entitled matter, do hereby certify that in the course of the proceedings herein, the following question arose pertinent to the proceedings. Facts: On the 10th of December, 1867, William H. Little, of the city of Elizabeth, New Jersey, carrying on business at No. 24 Church street, New York City, filed his petition for adjudication in bankruptcy and discharge from his debts, in this court. He was duly adjudged a bankrupt, and on the 6th day of February, 1868,

at the first meeting of creditors duly held, an assignee was chosen by the creditors, and subsequently the register executed the usual deed of assignment to the assignee. The petition of the bankrupt made no allusion to a copartnership or copartnership debts; but in the schedules attached thereto, it appeared that debts had been contracted jointly with one Charles H. Dana, in the firm name of "Little & Dana," and that there were credits due to said firm of "Little & Dana." On the 25th of February, the said bankrupt, William H. Little, filed a sworn petition with the register, of which the following is a copy: "Title. The petition of William H. Little respectfully states and shows: That on the 10th day of December, 1867, your petitioner filed with the clerk of this court his petition in bankruptcy as a member of the firm of 'Little & Dana,' a firm composed of your petitioner and Charles H. Dana. That in said petition he omitted to include the name of his said partner, Charles H. Dana, and now petitions and asks that an order may be made and entered herein, permitting your said petitioner to amend his petition and schedules in such manner as will permit his said partner to be joined with him in the final orders of discharge which may be granted by this court, adjudging him discharged from the debts and liabilities of said firm of Little & Dana. William H. Little." On this petition, attorneys for the bankrupt moved that the register grant an order in accordance with the prayer of the bankrupt, which motion being denied, the bankrupt, through his attorneys, prays that the question may be certified to the judge for his decision as to whether the register erred in refusing to grant the order prayed for; which prayer is granted in accordance with the rules in practice, and this certificate is made in conformity thereto. In my opinion the prayer of the petitioner cannot be granted. No allusion to a partner or a copartnership was made in the original petition. Section 36 of the law [of 1867 (14 Stat. 536)], and rule 18 of the supreme court, indicate the manner in which copartners may be drawn into proceedings in bankruptcy, and I do not see how, at this stage of the proceedings, and in this manner, Charles H. Dana can be included in the matter of William H. Little's bankruptcy,—which certificate and opinion is respectfully submitted, this 29th day of February, 1868.] [2]

BLATCHFORD, District Judge. I think that the register erred in denying the motion of the bankrupt, which was, that he be permitted to amend his petition and schedules in such manner as will permit his copartner to be joined with him in the proceedings in regard to the bankruptcy of the firm. The petition, which I have examined, is an individual petition, setting forth only one

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [From 1 N. B. R. 341 (Quarto, 74).]

[2] [From 1 N. B. R. 341 (Quarto, 74).]

schedule of debts and one inventory of assets, both of which are stated in the petition to be the individual debts and assets of the petitioner. But the schedule of debts shows that a large portion of the debts consists of debts of a copartnership, of which the petitioner was a member, and the inventory of assets shows that part of the assets consists of credits due to said copartnership. Under these circumstances, as the petitioner prays to be discharged from all his debts provable under the act, and some of the debts set forth in the schedule annexed to his petition are debts of the said firm, the petition is one to have the firm declared bankrupt on the petition of óne of its partners, within the provisions of section thirty-six of the act, and of general order No. 18. As Dana did not join in the petition of Little, he ought to have been brought in, by proper proceedings, under general order No. 18, before an adjudication of bankruptcy was made on the petition of Little. The defect is now sought to be remedied by Little. His petition requires to be amended, and his schedules require to be amended. He asks to be allowed to amend them so as to join Dana with him in the proceedings. Dana can be so joined, either by joining voluntarily in the petition of Little, or by being brought in, on notice, under general order No. 18. When he is so brought in he can be discharged from his debts, including the debts of the firm; and, until Dana is so brought in, Little cannot be discharged from the debts of the firm, because the theory and intent of section thirty-six of the act, and of general orders Nos. 16 and 18, are that the creditors of a firm shall be required to meet but once, and in one bankruptcy forum, all questions in regard to the bankruptcy of the firm, and in regard to their debts against the firm, and in regard to the administration in bankruptcy of the assets of the firm.

Section twenty-six provides, that the bankrupt shall "be at liberty, from time to time, upon oath, to amend and correct his schedule of creditors and property, so that the same shall conform to the facts," and general order No. 33 prescribes regulations in regard to the amendment of schedules. General order No. 7 provides, that "the court may allow amendments to be made in the petition and schedules, upon the application of the petitioner, upon proper cause shown, at any time prior to the discharge of the bankrupt." General order No. 7 confers on the register the power of ordering amendments of any proceedings. The case was, therefore, a proper one for the register to allow the bankrupt to amend his petition and schedules, for the purpose set forth in his application to amend. The clerk will certify this decision to the register, James F. Dwight, Esq.

[Upon a subsequent hearing, the application of the bankrupt for discharge was refused for want of jurisdiction. It being shown that the bankrupt was a resident and doing business, not in the district, but in New Jersey. Case No. 8,391.]