## DANIEL W. NUTTING *vs.* EDWARD H. ASHCROFT.

Proceedings in insolvency against J. S. on his petition do not necessarily include a limited partnership doing business under his name and in which he is the general partner, but which is not mentioned in the petition, notice or assignment.

TORT by the assignee in insolvency of Thomas Roberts, for the conversion of some hides; sought to be maintained, at the trial in the superior court, before *Reed*, J., on the ground that the proceedings in insolvency included a limited partnership, composed of Roberts and the defendant, existing at the time of the commencement of those proceedings, and in which Roberts was the general partner. But the judge ruled " that the firm of Thomas Roberts was not put into insolvency by the proceedings aforesaid; that by the assignment the property of the firm did not pass as against this defendant to the plaintiff; that the plaintiff was not by virtue of said proceedings the assignee of the firm; and that, as assignee of Thomas Roberts as an individual, he could not maintain this action against this defendant;" directed a verdict for the defendant; and reported the case for the revision of this court. The material facts are stated in the opinion.

*E. Avery & G. M. Hobbs*, for the plaintiff.

*J. D. Ball*, for the defendant.

CHAPMAN, C. J. On the 17th of September 1866, Thomas Roberts filed his petition as an insolvent debtor, and on the 8th of October the plaintiff was appointed his assignee and received from the judge of the court of insolvency an assignment of his property. About a year previous to this time, a limited partnership had been formed between Roberts and the defendant, in which the defendant was the special partner, and the partnership style was " Thomas Roberts." It was to continue five years, and was in existence when the proceedings in insolvency were commenced. None of the proceedings in insolvency make mention of the partnership; and the question arising in this case is, whether or not it is necessary that they should do so in order that the partnership affairs should be included in them and that the plaintiff should be the assignee of the firm as well as of Roberts individually.

It was obviously possible for Roberts to become insolvent as an individual, while the firm remained solvent. And if the defendant furnished all the capital, as the special partner sometimes does, and no debts had been contracted, and no profits had been made, or none which the general partner had not appropriated to his own use, there would be no assets which the assignee of Roberts individually ought to meddle with. And if it were otherwise; if the assets of the firm ought to be administered; yet they ought not to be intermingled with the private property of the general partner. His private creditors were not creditors of the firm, and were not entitled to its assets except subject to the claims of its creditors and of the defendant. On the other hand, the claims of the partnership creditors upon his private property did not stand upon equal footing with those of his private creditors. There are therefore strong reasons for requiring that the record should show that the proceedings were instituted against the firm as well as against the individual, and that the assignment should in terms convey the property of the firm as well as the property of the individual.

Our statute regulating limited partnerships (Gen. Sts. *c.* 55) does not regard the assets as the private property of the genera. partner, but as the common stock of all the partners. Its limitations affect the rights of the special partner as to the management of the business, and also his liability for the debts of the concern. But they do not take away his interest in the assets, or his remedies for the protection of that interest. He has ample remedies in equity. The eleventh section of the act provides that, in all cases not otherwise provided for in the chapter, the members of limited partnerships shall be subject to all the liabilities and entitled to all the rights of general partners.

The plaintiff contends that, as Thomas Roberts was the name of the firm as well as of the individual, the proceedings did include the firm, *ex vi termini.* But we think this was not so. The Gen. Sts. *c.* 118, §§ 108–110, respecting the insolvency of partnerships, requires that, when one of the partners files a petition, reasonable notice shall be given by the judge to the other partners, if within the state, to show cause why its prayer should not be granted. This implies that the petition should state who the other partners are, and that the proceeding relates to the business of the partnership, so that they may have opportunity to stay it. The assignment ought also to include expressly the partnership property, so that it may be kept and disposed of separately, and the dividends properly made, and the accounts properly settled. If there had been two general partners, and their names had both been used in the partnership style, there could have been no doubt as to this. The use of the name of Roberts alone in the proceedings. in insolvency would not have included the firm. It is because the name of the firm is merely his private name, that it is supposed to be sufficient to mention his name. But the use of the mere name is, at best, equivocal. We must look further into the proceedings to see whether the partnership concerns are included; and, as we find no mention of them in the petition or notice or assignment, we are all of opinion that the partnership is not included.

*Judgment for the defendant.*