NOON (SEARS v.). See Case No. 12,590.

---

## Case No. 10,292.

### In re NOONAN.

[3 Biss. 491;[1] 10 N. B. R. 330; 5 Chi. Leg. News, 557; 30 Leg. Int. 425; 21 Pittsb. Leg. J. 73.]

Circuit Court, E. D. Wisconsin. April Term, 1873.

BANKRUPTCY—PARTNER CAN FILE PETITION EVEN AFTER RECEIVER APPOINTED—NO ACT OF BANKRUPTCY NECESSARY—JURISDICTION NOT ARRESTED BY DISSOLUTION.

1. The bankrupt court has jurisdiction of a petition by one partner to have the firm declared bankrupts, even though proceedings are pending in a state court to wind up the partnership, and a receiver had been appointed who had taken possession of the assets.
  [Cited in Re Hathorn, Case No. 6,214; Re Gorham, Id. 5,624.]

2. Such a petition being voluntary as to him, it is not necessary that there should be an act of bankruptcy alleged.
  [Cited in Re Gorham, Case No. 5,624.]

3. A dissolution by the act of all or any of the partners does not put an end to the power of the bankrupt court.

4. So long as any unfinished business, debts, credits, or assets remain, the bankrupt court has jurisdiction, a proper case being made.
  [Cited in Re Johnston, 17 Fed. 72.]
  [Cited in Corey v. Perry, 67 Me. 144.]

[5. Approved in Hudgins v. Lane, Case No. 6,827. Cited in Re Webb, Id. 17,317, to the point that a discharge granted to one partner in his separate bankruptcy does not release him from his joint or partnership debts.]

[In review of the action of the district court of the United States for the Eastern district of Wisconsin.]

In bankruptcy.

Josiah A. Noonan and Peter McNab were partners prior to June 2d, 1870. On that day proceedings were commenced by McNab in the state court to put an end to the partnership, and for an account. The state court appointed a receiver, who took charge of the assets of the firm. These proceedings were still pending when, on the 29th of October, 1872, Noonan filed a petition in the district court of the United States, claiming the benefit of the bankrupt law [of 1867 (14 Stat. 517)] for himself, and also alleging that the

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

partnership was insolvent, asking that it be declared bankrupt. McNab refused to join in these proceedings in bankruptcy, and made a motion in the district court to dismiss the petition on the ground that the partnership was at an end, and because the assets of the firm were in the hands of the receiver, and the court had no right to adjudicate as to the partnership. The motion was overruled, and the court proceeded to try the issue of bankruptcy; the jury rendered a verdict that the partnership was insolvent. Thereupon McNab filed this petition for review. No point was made in this court as to the authority of the court to review the ruling of the district court on the petition.

Orton & Winkler, for petitioner in review, cited the following authorities: T. Pars. Partn. 470; Story, Partn. §§ 310, 311; Noonan v. McNab, 30 Wis. 277; section 36, Bankrupt Law [14 Stat. 534]; and order 18; Bump, Bankr. 54; In re Crockett [Case No. 3,402]; In re Winkens [Id. 17, 875]; In re Hartough [Id. 6,164]; In re Downing [Id. 4,044]; In re Abbe [Id. 4]; In re Freeman [Id. 5,082]; In re Clark [Id. 2,798]; Sedgwick v. Place [Id. 12,622]; Alden v. Boston R. Co. [Id. 152]; Clark v. Bininger, 38 How. Prac. 341; 39 How. Prac. 363.

Wm. P. Lynde and Jason Downer, contra, cited In re Clark [Case No. 2,798]; In re Independent Ins. Co. [Id. 7,017]; In re Safe-Deposit & Savings Inst. [Id. 12, 211]; In re Bininger [Id. 1,420]; Bump, Bankr. (5th Ed.) 497, 498.

DRUMMOND, Circuit Judge. The only question in the case is whether, after proceedings are commenced in a state court, by one of the partners, to put an end to the partnership and for an account, and the property is in the hands of a receiver, it is competent for another member of the firm to file a petition in bankruptcy for himself and for the firm.

It is insisted on the part of the petitioner in this court, that the partnership has been dissolved, that all the assets are in the hands of a receiver of the state court, and that the district court had no jurisdiction of the case as against McNab. The authorities were fully considered by the counsel, on the argument in this court, and it must be admitted that some of them, perhaps most of them, have assumed that the thirty-sixth section of the bankrupt act, when it speaks of the adjudication of bankruptcy as to partners, refers to them as existing partners, and that it does not mean a case where the partnership has been dissolved, and the assets are in the hands of a third person, either with the consent of the partners or by the act of a court of competent jurisdiction. But my opinion is that this view of the law which has been taken by some of the judges is entirely too narrow.

I do not think that is the true construction

of the thirty-sixth section of the bankrupt law. Undoubtedly there is something in the language which at first might be supposed to lead naturally to such a conclusion. But when we consider it more fully, we must admit that it is not susceptible of such a construction.

The language is: "Where two or more persons who are partners in trade, shall be adjudged bankrupt, either on the petition of such partners, or any one of them, or on the petition of any creditor of the partners, a warrant shall issue," etc. It is to be observed that it does not point out, in distinct terms, what is to be the course of the proceedings in the case of a petition where partners are concerned, but it speaks of it as a fact accomplished, and by necessary implication that it can be done in the way here pointed out.

It refers to the adjudication of the bankruptcy of partners as being on the petition of the partners themselves, or one of them, or by a creditor of the partners. It uses the present tense, it is true, but too much force, I think, has been given to this language, "Who are partners in trade." I consider it as meaning nothing more than if it had said, where two or more persons, partners in trade, shall be adjudged bankrupt, etc. It certainly could not have been the meaning that the partners, by a mere act of their own, as by a voluntary dissolution at the instance of all or of one, could deprive a creditor of the right of putting the firm into bankruptcy. Neither could it have been the meaning that a creditor should be deprived of that right if the partners had transferred all their assets to an assignee by a voluntary act of their own.

That would be a very easy way of avoiding the effects of the bankrupt law. I understand this language to mean that whenever, looking at the partnership either present or past, it is within the province of the bankrupt law to bring the debts of the partnership or its credits or assets within the control of the bankrupt court, there can be an adjudication of bankruptcy against the firm. In other words, that for the purpose of the bankrupt law they are partners, and that the bankrupt court has authority to settle up the partnership.

The courts which have held that this language applies to a present existing partnership alone, have to admit that the mere dissolution of the firm by the joint act of the partners, or by the act of one, does not put an end to the power of the bankrupt court.

They have declared that if there are any assets of the firm, although the partnership may have been dissolved, that gives authority to the bankrupt court to proceed and wind up the affairs of the partnership.

But it may be one of the very questions in the case whether or not there are partnership assets, and this question the bankrupt court will have a right to determine.

It may be if there is nothing of the firm remaining, no business transactions, and neither debts, credits nor assets, and the firm is dissolved, that there is nothing for the bankrupt court to operate upon; but as long as there is any unfinished business on the part of the firm, debts, or credits, or assets of any kind, it seems to me that, upon a proper case made, it is the province of the bankrupt court to settle it and that it is the right either of the partners themselves, or of one of them, or of a creditor, to go into the bankrupt court for that purpose.

There certainly could not be any doubt but that the partners, by a voluntary act, could come into the court and obtain a decree in bankruptcy against themselves, even though there might have been a formal dissolution of the firm, provided there was any business, debts or credits of the partnership remaining, and thus be discharged from their debts. And if they together have the right to do it, why has not one of them the same right?

The language is just as applicable to one as to all the partners, or to the creditors of the firm; indeed the authorities referred to concede this. And it is difficult to see how any member of a firm can be released from his personal liability as such without the court substantially looking into all the transactions of the firm and settling up its affairs. A man cannot be discharged from his liabilities as a member of a firm unless the debts and assets of the firm are considered and adjudicated upon by the court.

It is to be observed that this court is not now called on to decide what is to be the effect of this petition in bankruptcy by one member of the firm upon the property of the firm in the hands of the receiver.

The real question is whether one of the members of the firm is prevented from calling the partnership into court and having it declared bankrupt, because of these proceedings in the state court. I hold that he is not.

It perhaps may be illustrated further. Where the petition is voluntarily filed by the members of the firm, of course there could in one sense be no adjudication of a subsisting firm, as the petition, when filed by all the partners, is an act of bankruptcy, as the statute declares, and consequently works a dissolution of the partnership.

I can, therefore, have no doubt that the decision of the court below was correct on this point, and that the proceedings in the state court did not prevent the court from taking jurisdiction, not only of Noonan, but of McNab, as a member of the firm of Noonan & McNab. To hold otherwise, would be to put it in the power of any member of a firm, at any time, to prevent the affairs of the firm from being settled up in the bankrupt court, where it had committed an act of bankruptcy. But it is not necessary, in such a case as this, that there should be an act of bankruptcy alleged. This partakes of the mixed nature of a voluntary and an involun-

tary proceeding. It is a petition by a member of the firm, and voluntary as to him, but involuntary as to the other member of the firm. Order of the district court, refusing to dismiss the petition, affirmed.