## Case No. 3,408.

CROMPTON et al. v. CONKLING et al.

[15 N. B. R. 417.][1]

District Court, S. D. New York. April Term, 1877.

### DISCHARGE OF ONE PARTNER IN BANKRUPTCY— FIRM CREDITORS.

A discharge in bankruptcy, granted to one member of a partnership, after he alone had been adjudged bankrupt in a proceeding affecting him alone, to which his copartner was not a party, is not a bar to an action against him and his copartner by a partnership creditor, where the creditor shows affirmatively that, at the time of the filing of the petition, there were partnership assets as well as partnership debts.

[Cited in Re Johnston, 17 Fed. 72.]

Action [by John Crompton and John C. Dickinson, as assignees, etc.] on two promissory notes, amounting to ten thousand four hundred and thirteen dollars and thirty-nine cents, made by the firm of G. Conkling, Jr., & Co., consisting of the defendants Gurdon Conkling, Jr., and Hannah [Harriet] Goetchius. The notes were payable to the order of Almon Miller & Co., who furnished the consideration, in money, to the makers. The payees, A. Miller & Co., became bankrupt, and the plaintiffs were the assignees in bankruptcy. The suit was defended by Gurdon Conkling, Jr., who pleaded in bar a discharge from his debts granted to him by this court in April, 1872, in proceedings commenced

[1] [Reprinted by permission.]

against him individually by an individual creditor in June, 1871. The notes in question were made in July, 1870. The case was tried before a jury. Proof was given by both parties on the question of fact, whether, at the time of the commencement of the proceedings in bankruptcy against Conkling, there were partnership assets in existence. Defendant's counsel moved the court to direct the jury to find a verdict for the defendant, referring to Wilkins v. Davis [Case No. 17,664], and to Jewitt's Case [Id. 7,306]. Motion denied.

F. N. Bangs & F. C. Bowman, for plaintiffs.
Henry E. Farnsworth, for defendant Conkling.

BLATCHFORD, District Judge. Gentlemen of the jury, I shall detain you but a few moments. In the view which I take of this case, and of the law applicable to it, there is but a single question for your consideration. The two notes sued on in this case are dated on the 16th July, 1870. The plaintiffs, in the first instance, have proved sufficient to entitle them to recover the full amount of these notes, with interest, viz., ten thousand four hundred and thirteen dollars and thirty-nine cents. The only point of defense set up for your consideration is the discharge in bankruptcy obtained by Mr. Conkling in this court in April, 1872, in a proceeding commenced here 3d June, 1871. These proceedings were, as you see, commenced nearly a year after the date of these notes. Of course these notes were in existence at the time the petition in bankruptcy was filed. The notes are notes made by the firm of G. Conkling, Jr., & Co. The proceedings in bankruptcy against Mr. Conkling are proceedings against himself individually, without in any manner bringing in his partner, Mrs. Goetchius. She was a partner in the copartnership of G. Conkling, Jr., & Co., the maker of these notes. The terms of the copartnership agreement have been stated by Mr. Conkling. Now, as matter of law, the court charge you, that under the terms of the agreement, any property purchased with money belonging to the firm became the property of the copartnership; any money borrowed by the firm became, when borrowed and received, the money of the copartnership, and of course, if that money was used to purchase any articles which passed into possession of the firm, the articles became the joint property of the copartners as copartners, Mrs. Goetchius having an interest in it as copartner to the same legal extent that Mr. Conkling had. It is in evidence in this case that the notes in suit were given to Mrs. Goetchius, representing A. Miller & Co., and the notes were drawn to the order of A. Miller & Co., the consideration for them being the money of A. Miller & Co., paid by Mrs. Goetchius to G. Conkling, Jr., & Co. That money, when paid into the hands of Mr. Conkling on behalf of the firm of G. Conkling, Jr., & Co., became copartner-ship property of the firm of G. Conkling, Jr., & Co., and in that money, or in any property into which that money passed, Mrs. Goetchius had an interest; and the creditors of the firm had an interest that that money, or the proceeds of it, the property which represented it, should be applied to pay the debts of the firm; and that is what is meant by the statement that that became copartnership property. The creditors of Mrs. Goetchius, on partnership account, had a right, a legal right, to insist that that property should be applied to pay the debts of the firm. Therefore it became copartnership property; and the propositions stated to you by the counsel for the plaintiff on that subject are perfectly correct, not only in substance but in language. Any property which was obtained on the credit of the firm, like the money obtained on the two notes in suit, was partnership or firm property, irrespective of the question what might be the respective shares or interests of the partners as between each other in that property; that is irrespective of the quantum of interest of each partner as against the other. This also is a correct proposition, that any property which either partner was entitled to have applied to the payment of partnership debts, or to his or her own indemnity against partnership debts, was the partnership or firm property. When the notes in suit were given in the name of G. Conkling, Jr., & Co., binding the partners who composed that firm, binding Mr. Conkling and Mrs. Goetchius, Mrs. Goetchius had a right to have that money, or anything into which it went, applied to the payment of the notes. That was her right and the right of the creditors of the firm acting and represented through her.

So also any property obtained or purchased with money borrowed in the name of the firm, or on its credit, was and is partnership or firm property. I have stated these propositions to you in several forms, and you undoubtedly have applied them every day in the business of life. That there was at one time partnership property is perfectly clear. This money, which A. Miller & Co. paid for these notes to Mr. Conkling, became at that instant, and by that act of paying it for these notes, partnership property. Now the question is, what of the partnership money or property which that firm ever had remained partnership property on the 3d of June, 1871, when Mr. Conkling was adjudged bankrupt? If at that date no partnership property remained, if it was all gone, if it had been spent, if it had been squandered, if it had been lost, if there was not only no money, but no other property at that time, of any value at all, which remained the copartnership property, the joint property, under the definition of such property which I have given you, then Mr. Conkling's defense in this case, that the claim on these notes is barred by his discharge in bankruptcy, is made out; because, under the law, Mr. Conk-

ling put into his schedules, which have been read in this case, the partnership liabilities, among which are these very two notes (although stated to be held by one Vandewater Smith), which are put in as liabilities of the firm of G. Conkling, Jr., & Co.; and so there are six, eight, or ten others. Now if there was any copartnership property at that time, then it was the duty of Mr. Conkling, not only to bring that copartnership property into this court in the bankruptcy proceedings, if he desired to be discharged from his liability on the partnership debts; but, if there was such property, unless he did bring it in, his discharge does not relieve him from copartnership debts. If you find, as a matter of fact, that there was copartnership property when this petition in bankruptcy was filed, the plaintiff is entitled to recover the full amount claimed. If you find that there was no copartnership property or assets at the time of the filing of the petition in bankruptcy in Mr. Conkling's proceedings, then the defendant is entitled to your verdict. And upon this subject the plaintiffs have the affirmative, and the burden of proof, and must make out the case that there was such copartnership property to your satisfaction by a fair preponderance of evidence.

The jury rendered a verdict for the plaintiffs for the full amount claimed, viz., ten thousand four hundred and thirteen dollars and thirty-nine cents.

[NOTE. The defendant Conkling moved for a new trial, which was granted. Case No. 3,-407.]