CASE 3—EQUITY—JANUARY 14, 1882.

# Perkins v. Fisher.

### APPEAL FROM DAVIESS CIRCUIT COURT.

Appellee was a member of two firms—Wm. Fisher & Bro. and Carter & Fisher. The last firm filed their petition in bankruptcy to be relieved from its debts, and the debts of the individual members, and they were discharged. This did not discharge appellee from debts he owed as a member of the firm of Wm. Fisher & Bro.

WEIR, WEIR & WALKER FOR APPELLANT.

The point of difference is as to the scope and legal effect of the discharge in bankruptcy granted to Carter & Fisher, and the individual members thereof. It is clear that appellee cannot have assets as a member of the firm of Wm. Fisher & Bro., and yet be discharged from the debts of the firm. (67 Mo., 140; 24 Am. Rep., 17; 1 Bank. Reg., 341; 3 B. R., 172; *Ib.*, 48; 7 *Ib.*, 399; 15 *Ib.*, 417; Ogden v. Reed, 13 Bush, 582; 16 N. B. R., 48; 15 *Ib.*, 417; 11 *Ib.*, 462.)

GEORGE W. JOLLY FOR APPELLEE.

It has long been a settled question, under the English bankrupt act, that a discharge granted on the separate adjudication in bankruptcy discharged both the joint and separate debts; and the United States District Courts have, under the bankrupt act of 1867, uniformly granted bankrupt partners, on their separate petition, a discharge from the partnership as well as individual debts. (Parsons on Part., 5, 63, 361, 486 to 493; 1 Bank Reg., 660, 341, 776; 5 *Ib.*, 222; 15 *Ib.*, 60; 3 *Ib.*, 748, 465; 4 *Ib.*, 97; Bump on Bank., 220, 782, 766; 7 Am. Law Reg., 824; 3 Kent's Com., 65; Bankrupt Act, sec. 21; Rev. Stat. U. S., 5117, 5121, 5118, 5119, 5120; 6 Bush, 199; Payne v. Able, 7 *Ib.*, 344; 10 *Ib.*, 402; 13 *Ib.*, 581; 2 Mar., 116; Litt. Sel. Cases, 348; Blumenstiel on Bank., 532; 5 Cranch, 289; 61 Ind., 457; 67 Maine, 140.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The record in this case shows that the appellee was a member of two firms—one under the style of Wm. Fisher & Bro. and the other of Carter & Fisher. Carter & Fisher filed their petition in bankruptcy, asking to be relieved from the firm liabilities of Carter & Fisher, and their individual indebtedness.

They obtained a discharge in the usual form, the firm and individual debts, and after this was done the appellant instituted this action on two bills of exchange, accepted by the firm of Wm. Fisher & Bro., for several hundred dollars. The appellee pleaded his discharge in bankruptcy, to which the appellant replied that it was a debt of the firm of Wm. Fisher & Bro., and that said firm never went' into bankruptcy; but, on the contrary, held and owned assets that should be applied to the payment of the two bills; further averring that the bankrupt court took no jurisdiction of the firm assets of Wm. Fisher & Bro., nor were the claims of the creditors of that firm presented for payment, or its assets distributed. There is no proof in this record that any such claim was presented, or that the assets of the firm of Wm. Fisher & Bro. were distributed among creditors; but, on the contrary, the facts all conduce to sustain the reply. The firm of Wm. Fisher & Bro. may be perfectly solvent, and the firm of Carter & Fisher insolvent, and their individual estate insufficient to pay their individual debts.

If this creditor of the firm of Wm. Fisher & Bro. had presented his claim for payment, he certainly would have received nothing until the partnership creditors of Carter & Fisher had been satisfied; and in Hudgins v. Lane, 11 Nat. Bank Register, it was decided that the discharge of a member of a firm, on his individual petition in bankruptcy, and without any proceedings by or against the firm, does not release the bankrupt from the partnership debts.

Drummond, Judge, *in re* Noonan, 3 Biss., 491, says it is difficult to see how any member of the firm can be released from his personal liabilities as such, without the court substantially looking into the transactions of the firm, and settling up its affairs. A man cannot be discharged from his

liabilities as a member of the firm, unless the debts and assets of the firm are considered and adjudicated upon by the court. (See Corey v. Perry, 67 Maine.)

In this case there is an attempt to show that these claims were presented and passed on by the bankrupt court, but there is no proof of that fact other than the explanation made by the appellant that he presented the claim, and was told the court had no jurisdiction over the assets of Wm. Fisher & Bro. The appellant, upon the facts before us, was entitled to a judgment. The judgment is reversed, and cause remanded for further proceedings not inconsistent with this opinion.

To a petition for rehearing—

JUDGE PRYOR DELIVERED THE FOLLOWING RESPONSE.

The judgment is reversed, and this court will not anticipate the action of the court below, or that of counsel for the appellee. The court, in its discretion, will determine, no doubt, at the proper time, after the entry of the mandate, whether any amendments will be allowed. Petition overruled.