HARRY PELLETIER *vs.* GERVAIS COUTURE & another.

Essex.   November 10, 1888. — January 3, 1889.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Partnership — Infant Partner — Petition to vacate Insolvency Proceedings.*

The property of a partnership, including the share of an infant partner, may, after its dissolution and his repudiation of its debts, be devoted to their payment, upon proceedings in insolvency instituted by his copartner.

If a petition on the Pub. Sts. c. 157, § 15, by such infant partner, to vacate the proceedings in insolvency against the partnership, does not allege, or if it is not shown by evidence, that the firm was not in fact insolvent, the petition will be dismissed.

DEVENS, J.   This is a bill in equity, under the Pub. Sts.
c. 157, § 15, to vacate proceedings in insolvency, being in the
nature of an appeal from the decree of the judge of probate
and insolvency for the county of Essex, declaring insolvent the
partnership of which the plaintiff Pelletier, a minor, had been
a member with Couture, the first-named defendant, and order-
ing a warrant to issue against the partnership property, and
also against the separate estate of Couture.   The other defend-
ant was the messenger in insolvency.   Pelletier and Couture
had dissolved their partnership (which was engaged in the fur-
niture business) on November 15, 1887.   Thereafter, some diffi-
culty having arisen between himself and Pelletier as to the pay-
ment of a certain claim, Couture filed a voluntary petition that
the partnership should be declared insolvent.   On the return
of the order of notice, Pelletier filed a motion that all proceed-
ings should be stayed and vacated, so far as any property of his
was concerned, alleging himself to be a minor.   Before any ad-
judication was made by the judge, a guardian was appointed
for him ; and thereafter a warrant was directed to issue against
the stock and property of the partnership, and against the sep-
arate estate of Couture.   It was not disputed that Pelletier was
a minor, who had originally put three hundred dollars into the
firm, and that he had to this extent contributed to the fund
from which its assets were derived.

The first question, therefore, is whether upon this proof it
was within the power of the judge to issue a warrant against
the property of the partnership, the plaintiff contending that his
interest therein could not thus be affected.   After the formal
dissolution of a partnership, and when the mutual authority of
the partners to bind each other has ceased, if there are partner-
ship assets to be administered, and partnership debts to be paid,
to some extent and for some purposes the partnership must still
continue to exist.   It has therefore been held, that under such
circumstances the creditors of a partnership may institute pro-
ceedings in insolvency *in invitum*, and also that one partner after
such a dissolution may by his sole petition commence proceed-
ings in insolvency so as not only to affect his own property and
that of the firm, but also the separate property of his late part-
ner.   *Parker* v. *Phillips*, 2 Cush. 175.   *Thompson* v. *Thompson*,
4 Cush. 127, 131.

In the case at bar, no warrant was issued against the separate estate of the petitioner, but it is his contention that, by reason of his minority, no warrant could properly have issued against the partnership property, as it was his although in connection with Couture, and that, even if the firm could be declared insolvent, his interest in the partnership property could not be taken to pay the debts of the firm. The plaintiff had, however, no property in any specific assets affected by the warrant against the firm, even if his money had passed into them and they had been purchased to some extent by it and by the credit thereby obtained. The partnership property (irrespective of his minority) could not have been attached as his. *Sanborn* v. *Royce,* 132 Mass. 594. Nor could it have been devoted to the payment of his private debts, except subject to the claims against the partnership. He had an interest in it to receive therefrom only what might remain after these were satisfied. *Peck* v. *Fisher,* 7 Cush. 386. Nor, if the plaintiff repudiated the debts which had been incurred in the purchase of this partnership property, as he did before the judge of probate, by alleging his minority and denying his liability therefor, could he properly assert any title to the partnership assets, or interest therein. This he does by urging that on account of that title or interest no warrant could issue against them.

A minor cannot discharge himself from the debt, and yet hold the property which has been obtained by incurring the debt. If he avoids his contract, and refuses to pay the price of goods which have been sold to him, the sale is annulled, and the property revests in the vendor. *Chandler* v. *Simmons,* 97 Mass. 508, 514. If he enters into business with another as a partner, and contracts are made and assets thus obtained, he may deny his liability on the contracts by which they have been obtained, and release himself from the debts thus incurred. He will thus throw the liability for the whole debts on his partner, and make such partner solely responsible, but the assets thus obtained should be devoted to the satisfaction of the contracts by which they have been procured. Having placed the whole responsibility on another, having extricated himself from all liability, to allow him to retain the property, or to assert and maintain a title to it, or any portion of it, until the debts are satisfied, would be manifestly unjust.

If the judge of the insolvency court might, under proper circumstances, have ordered a warrant to issue against the property of a firm of which a minor had been a partner, and we are of opinion that he could, the plaintiff does not show any reason why this authority was not properly exercised. The petitioner does indeed allege that " it does not appear that said copartnership, upon the evidence adduced before the said judge of probate and insolvency, was insolvent." He does not, however, furnish us with a copy of the evidence taken before the judge, so that we can determine this. Nor, if he did, is the question here in a proceeding of this character whether the judge of probate and insolvency rightly decided upon the evidence before him that the firm was insolvent, but whether the firm is in fact insolvent. Nowhere in his petition does the petitioner assert it to be solvent, nor did he so contend in the hearing at bar. That there was evidence before the judge of probate and insolvency tending to show that it was insolvent appears from the fact, that, even if the nominal amount of assets exceeded the debts, all the property of the firm had been under an attachment which was undissolved.

Whether the petitioner — who has apparently sought to raise the question whether a warrant could issue against the property of a firm of which he as a minor had been a member — has any such interest in the matter that he can object to the firm being declared insolvent after having repudiated its debts, and after having been allowed to extricate his separate estate from liability therefor, may be doubted. Assuming that he may, unless the firm is solvent, no injustice can have been done him by the decree of the judge ordering a warrant to issue against its property. This proceeding is intended to remedy only substantial errors. See *Thompson* v. *Thompson*, 4 Cush. 127, 133, 134, where a warrant had issued upon the voluntary petition of one partner without notice to the other, — the statute not then being explicit on this point, — and it was held that, before the decree was finally suspended or vacated, it was to be ascertained whether the partnership was not in fact insolvent, and whether the allegation of insolvency was not in fact well founded.          *Bill dismissed.*

*J. F. Quinn,* for the plaintiff.

*C. Sewall,* for the defendants.