EUNICE F. CLARKE *vs.* DANIEL C. STANWOOD & others.

Suffolk.    December 6, 9, 1895. — June 16, 1896.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Insolvent Debtor — Right of Partnership Creditors to prove against Separate Estate of Insolvent Partner — Release of Cause of Action — " Thing of Value " — Authority of Attorney to assent to Discharge — Loan to Insolvent for Deposit in Court — " Party aggrieved."*

The creditors of a partnership may prove their claims against the separate estate in insolvency of one partner, and vote for an assignee and on the question of discharge, although the firm is solvent, and the insolvent partner has no assets. KNOWLTON, J. dissenting.

A release of a cause of action in tort, obtained by a person within six months prior to his insolvency, upon the giving of a promissory note, the amount of which is afterwards proved against the insolvent estate, is not a "thing of value," within the meaning of Pub. Sts. c. 157, § 93.

It is not necessary that there should be written evidence of authority on the part of an attorney to assent in the name of his principal to the discharge of an insolvent debtor.

A sum of money, lent to a person to be deposited by him in court upon the beginning of proceedings in insolvency, is a debt due to the person advancing it, and he is entitled to prove his claim against the insolvent estate and to vote on the question of discharge.

A creditor of an insolvent estate is not a "party aggrieved," within Pub. Sts. c. 157, § 15, by the refusal of the Court of Insolvency to permit other creditors to withdraw their assent to the debtor's discharge.

BILL IN EQUITY, filed December 14, 1894, under Pub. Sts. c. 157, § 15, against Daniel C. Stanwood and Arthur G. Stanwood, and others, as to whom the bill was taken for confessed, to expunge the proof of certain claims against the estate in insolvency of Daniel C. Stanwood, and for other relief. The defendants Stanwood demurred to the bill. The demurrers were sustained, and the bill dismissed with costs; and the plaintiff appealed to this court. The facts appear in the opinion.

*G. W. Anderson*, for the plaintiff.

*A. M. Lyman*, for the defendants.

MORTON, J. This is an application to the supervisory jurisdiction of this court, under Pub. Sts. c. 157, § 15. There were demurrers by the two Stanwoods, which were sustained, and the

bill dismissed as to them, with costs, and a decree *pro confesso* against the other defendants.

It appears that the defendant Daniel C. Stanwood was adjudged insolvent on his own petition, and a warrant was duly issued against his estate. He was a member of the firm of Bates, Stanwood, and Andrews, which was never declared insolvent, and neither of the other partners was insolvent, or was declared to be so. No reference was made in the petition or warrant to the partnership. The schedule of creditors filed with the petition contained a list of firm and individual creditors. Firm creditors as well as individual creditors were allowed to, and did, prove their claims, and vote for assignees and on the discharge. No assets came to the hands of the assignees.

The plaintiff does not claim to be aggrieved by any action of the insolvency court respecting her own demand, but contends that she is a party aggrieved because the partnership creditors were allowed, against her objection, to prove their claims, and to vote for assignees and on the discharge; and because of certain other rulings by the insolvency court in the course of the proceedings.

For the purposes of this case, we assume, without deciding, that the plaintiff has a *locus standi.*

The principal question is whether the partnership creditors were rightly allowed to prove, and to vote in the choice of assignees and on the matter of discharge.

The plaintiff insists that they were not, and her contention is in effect that firm debts cannot be proved against a single insolvent partner, and he cannot be discharged from them by the insolvency court, unless the partnership is declared insolvent and proceedings had accordingly.

There are some cases which seem to favor the petitioner's view. *Corey* v. *Perry*, 67 Maine, 140. *Poillon* v. *Lawrence*, 77 N. Y. 207. *Perkins* v. *Fisher*, 80 Ky. 11. *In re Noonan*, 3 Biss. 491. *In re Little*, 1 Nat. Bankr. Reg. 341. *In re Winkens*, 2 Nat. Bankr. Reg. 349. *Hudgins* v. *Lane*, 11 Nat. Bankr. Reg. 462. *Crompton* v. *Conkling*, 15 Nat. Bankr. Reg. 417. But we think that, on principle and authority, the better rule is the other way, and that it has been so held in this State and is implied by statute.

It is elementary that each partner is liable *in solido* for the partnership debts. *Davis* v. *Werden*, 13 Gray, 305. His separate estate can be taken in satisfaction of them. *Allen* v. *Wells*, 22 Pick. 450. *Davis* v. *Werden, ubi supra.* He may be adjudicated bankrupt individually because of his liability as partner, and his interest in the partnership, as well as his separate estate, passes to his assignee. *Harrison* v. *Sterry*, 5 Cranch, 289, 302. Robson, Bankruptcy, (7th ed.) 681. Lindl. Part. (2d Am. ed.) 637. His estate continues liable in equity for .partnership debts after his death, though the grounds of the liability do not seem to be very clearly settled. *Kendall* v. *Hamilton*, 4 App. Cas. 504.· 1 Story Eq. Jur. § 676. His bankruptcy, like his death, dissolves the partnership; *Eustis* v. *Bolles*, 146 Mass. 413, 414; and the bankruptcy law is based largely on equitable principles. In view of these considerations, it seems to us that there is nothing in the nature of a partnership debt *per se* which should exclude it from proof against a single insolvent partner. Whether a partnership creditor is entitled to share in the distribution is another question. But the right to prove against an insolvent estate has never been made contingent in this State on the presence or absence of assets. If partnership debts are provable against a single insolvent partner, without regard to the insolvency of the firm or of the other partners, then it follows that a discharge will release the insolvent partner from the partnership debts, since it is expressly provided that a discharge shall release the debtor from all debts proved or provable against his estate. Pub. Sts. c. 157, §§ 81, 83. Further, in the consideration of debts or demands which may be proved against the estate of an insolvent debtor, there is nothing which excludes joint or partnership claims, or demands or limits the proof to debts due to the creditor solely. Pub. Sts. c. 157, § 26. And it is plainly implied by Pub. Sts. c. 157, § 85, that an insolvent partner may be discharged from partnership debts on a warrant issued against him alone, and without the firm being adjudged insolvent, as it is provided in c. 157, §§ 120 *et seq.*, that it may be.

And we think that the cases are to the same effect. *Barclay* v. *Phelps*, 4 Met. 397, and *Agawam Bank* v. *Morris*, 4 Cush. 99, expressly hold that partnership debts may be proved against a

single insolvent partner, but must be postponed in dividends to the claims of separate creditors. *Lothrop* v. *Tilden*, 8 Cush. 375, holds that a discharge granted to a single insolvent partner will bar partnership debts. In *Buck* v. *Burlingame*, 13 Gray, 307, a partnership creditor proved against an insolvent partner, and was allowed as a preferred claim the costs incurred in bringing suit against the firm and attaching the separate estate of the insolvent partner. In *Sigourney* v. *Williams*, 1 Gray, 623, partnership creditors proved, and it was taken for granted that they had the right to do so, and the discharge was held to apply to their claims as well as to the separate debts, though it is to be observed that the petition was by the debtor individually and as a member of the firm. In the present case the petition contained no reference to the partnership; but the schedule of debts filed with it included partnership debts as well as private ones, thus manifesting a desire on the part of the debtor, if that is material, to be discharged from those. In *Gates* v. *Mack*, 5 Cush. 613, the right to prove a partnership debt against the estate of a single insolvent partner was expressly affirmed. The plaintiff further sought in that case to share with the several creditors in the distribution of the estate, and the assignees objected that the debt was a partnership debt; but the court held that by the discharge of the other partner the debt had become the sole and separate debt of the insolvent debtor, and that the proving creditor was entitled to share in the distribution. *Barclay* v. *Phelps, ubi supra*, which may be regarded as the leading case, never has been denied, or, it would seem, doubted, but has been cited several times with apparent approval. *Burnside* v. *Merrick*, 4 Met. 537, 545. *Parker* v. *Phillips*, 2 Cush. 175, 178. *McDaniel* v. *King*, 5 Cush. 469, 476. *Gates* v. *Mack*, 5 Cush. 613, 614. *Catskill Bank* v. *Hooper*, 5 Gray, 574, 583. See also *Ex parte Yale*, 3 P. Wms. 24, note (A); *Ex parte Taitt*, 16 Ves. 193, 195, note; *Ex parte Hammond*, L. R. 16 Eq. 614; *Wilkins* v. *Davis*, 2 Lowell, 511; *In re Frear*, 1 Nat. Bankr. Reg. 660; *In re Abbe*, 2 Nat. Bankr. Reg. 75; *In re Stevens*, 5 Nat. Bankr. Reg. 112; Deacon, Bankruptcy, (3d ed.) 796; Lindl. Part. (2d Am. ed.) 752; Robson, Bankruptcy, (7th ed.) 657.

The plaintiff relies upon *Robb* v. *Mudge*, 14 Gray, 534, *Wild*

v. *Dean*, 3 Allen, 579, and *Baker's case*, 8 Cush. 109, as in effect qualifying, if not overruling, *Barclay* v. *Phelps* and *Agawam Bank* v. *Morris*, *ubi supra*. We do not so regard them. The question in the first two of those cases was whether a certain debt was a partnership debt, or the private debt of one of the partners and as such entitled to share in the separate estate, not whether if it was a partnership debt it was entitled to proof. *Baker's case* was a case of an insolvent partnership. The plaintiff also relies upon *Parker* v. *Phillips*, 2 Cush. 175, *Thompson* v. *Thompson*, 4 Cush. 127, and *Pelletier* v. *Couture*, 148 Mass. 269. But those cases only decide that after dissolution, as before, a partnership may be adjudged insolvent on the petition of one of the partners, and the joint and separate estates distributed accordingly. In this case no question arises as to the distribution of firm assets or the course to be pursued in the winding up of an insolvent partnership; though in the latter event it is to be noted that there is no such thing as a partnership discharge, but each partner is to be granted or refused a discharge as if the proceedings had been against him alone, and Pub. Sts. c. 157, § 124, imply that proceedings may be instituted against or promoted by a single partner.

If, then, partnership debts are provable against a single partner in insolvency, and are released by his discharge, there would seem to be no good reason why partnership creditors should not vote on the matter of discharge, or in the choice of assignees. In the case of *In re Purvis*, 1 Nat. Bankr. Reg. 163, it seems to have been held that, though partnership creditors were allowed to prove, they could not vote in the choice of assignees. The practice seems to have been otherwise in this State. As far back as 1859 the late Chief Justice Bigelow, then Justice Bigelow, sustained a ruling by Judge Richardson of the insolvency court allowing partnership creditors to prove against a single insolvent partner, and to vote in the choice of assignee, (*Seavey's case*, S. J. C. Middlesex, Cutler, Mass. Insolvent Laws, 74, 214,) and such a practice would seem to conform to our statute, which provides that the assignee shall be chosen by the creditors who have proved their debts. Pub. Sts. c. 157, § 40. Perhaps the conclusions thus expressed may appear to lead to an inconsistency in dealing with partnership claims in the case of a single

insolvent partner and in the case of an insolvent firm ; but the inconsistency is seeming only and not real. In the latter case no more than in the former are partnership creditors permitted to compete with separate creditors in the distribution of the separate estates. In the case of a single insolvent partner there is no method in which the rights of partnership creditors to an ultimate share in the estate can be protected unless they are entitled to prove. In the case of an insolvent firm, their rights in that regard, and in the choice of assignees and the matter of discharge, are fully protected and established by proof against the firm ; and it certainly would be a hardship if a solvent firm with solvent partners had to be adjudicated insolvent, or had to liquidate in order that an insolvent member might be discharged of the firm debts, though if the statute required it there would be no alternative but to do it. We think, therefore, that on the main question the ruling of the insolvency court was correct.

The remaining objections may be briefly disposed of.* The release was not a "thing of value," within the meaning of Pub. Sts. c. 157, § 93. It did not constitute an asset in the debtor's estate. If it was obtained by fraud, as the plaintiff contends, it had no force or validity, and still less was a "thing of value." Besides, the settlement and payment by notes operated as a release without anything more, and the plaintiff has retained and proved the notes. There is nothing in the statute which requires written evidence of authority to act on the part of an attorney who assents in the name of his principal to a

---

* The bill alleged that Daniel C. Stanwood, within six months prior to his insolvency, obtained a "thing of value," namely, a release from the plaintiff of a cause of action in tort against him, upon giving five promissory notes for $200 each, which were afterwards proved in insolvency; that the assent of one of the creditors to the insolvent's discharge was signed "Everett Press Company, by H. T. Richardson, attorney," and no power of attorney was filed until after the time limited for the filing of such assent had expired; that Arthur G. Stanwood, who was the uncle of the insolvent, knowing that he was about to begin proceedings in insolvency and had no assets, upon his request, lent him $40 to be deposited in court, and no promise was made by the insolvent to repay the sum; and that the Court of Insolvency refused to allow certain creditors, whose claims had been proved and who had assented to the discharge, to withdraw such assent.

discharge. The forty dollars was·a debt due to the person advancing it, and as a creditor he had a right to prove his claim, and to vote on the question of discharge. We do not think that the plaintiff was a party aggrieved by the refusal of the judge of the insolvency court to permit certain creditors to withdraw their assent to the discharge. *Freeland* v. *Mechanics' Bank*, 16 Gray, 137. *Kempton* v. *Saunders*, 132 Mass. 466.

The result is, that, in the opinion of a majority of the court, the decrees should be affirmed, and it is          *So ordered.*

KNOWLTON, J. The injustice that will be accomplished under the decision in this case is so flagrant, and the result reached · so at variance with what I have long supposed to be the law of Massachusetts, and with the weight of authority in other jurisdictions, that I feel constrained to state my views. The record shows that one Stanwood owed to six different parties separate debts, amounting in the aggregate to $2,090. He had no separate property. He was a member of a perfectly solvent firm, which owed some debts, but was not brought into the Court of Insolvency. He induced creditors of the firm, who had not the · slightest interest in the insolvency proceedings, to prove their claims against him as an individual, to sign their assent to his discharge, and thereby relieve him from all his separate debts, against the will of his separate creditors, without his paying anything. Doubtless these partnership creditors then went to the other members of the firm, and received their pay in full from the partnership assets.

There is some confusion in the earlier cases touching this sub--ject. In *Barclay* v. *Phelps*, 4 Met. 397, it was held that the language of the statute, " two or more persons who are partners," (St. 1838, c. 163, § 21, and Pub. Sts. c. 157, § 120,) did not apply literally to members of a partnership which had been dissolved before the commencement of proceedings in insolvency, and that such a partnership could not be brought into the insolvency court, and that therefore the creditors of it could prove against an individual partner. In *Parker* v. *Phillips*, 2 Cush. 175, it was intimated, and in *Thompson* v. *Thompson*, 4 Cush. 127, it was expressly decided, that this narrow construction of the statute was erroneous, and it has ever since been held that previously

dissolved insolvent partnerships are to be brought into the Court of Insolvency and settled there, as well as those existing at the commencement of insolvency proceedings. *Pelletier* v. *Couture*, 148 Mass. 269. Although for nearly fifty years it has been settled that the reason given for the decision in *Barclay* v. *Phelps* has no foundation in law, the case was not expressly overruled, and in the early practice under the statute the decision was sometimes followed by magistrates, and their action passed without disapproval by this court. Under this practice, if an individual who was a member of a firm was in insolvency without bringing in the partnership, all of the partnership creditors were allowed to bring their claims into court, and in a sense to prove them against the separate estate, simply for the purpose of sharing in the surplus if there was anything left after paying the separate creditors. It never was adjudged that they could do anything to affect the rights of the separate creditors, and they never were allowed to receive anything from the separate estate unless the separate creditors were first paid in full. *Agawam Bank* v. *Morris*, 4 Cush. 99. See also *Somerset Potters Works* v. *Minot*, 10 Cush. 592, 598, 601 ; *Catskill Bank* v. *Hooper*, 5 Gray, 574, 588. In *Gates* v. *Mack*, 5 Cush. 613, one who was formerly a partnership creditor was allowed to prove against one of the partners only because there had been a severance by former proceedings in insolvency, in which the other partners had been discharged, leaving the debt from that time an individual debt for which the insolvent only was liable.

In *Baker's case*, 8 Cush. 109, the statute received exposition in reference to discharges where there are both individual and partnership creditors, to the effect that the rule stated in Pub. Sts. c. 157, § 121, requiring the separate estates of the individual debtors to be administered by themselves and the partnership estate to be administered by itself, and giving to creditors of either class no rights in the estate applicable to debts of the other class until all the creditors of that class are first paid in full, and then only a right to have the surplus assets transferred to the estate administered for creditors of their class, is applicable to discharges, so that partnership creditors alone can sign their assent to a discharge from partnership debts, and separate creditors of each partner alone can sign their assent to a dis-

charge from his individual debts, and a discharge may be granted from one's individual debts and not from his partnership debts, or from his partnership debts and not from his individual debts, the granting or refusal of the discharge from each class of debts depending upon their giving or withholding their assent to a discharge. Since that decision was announced, it has been the practice in the insolvency courts of most of the counties of the State, as I know, — and I believe it has in all of them, — to grant a discharge from individual debts and to refuse it from partnership debts, or *vice versa*, if the amount of the dividend or the assent of creditors called for different results in the different estates, and to hold that a discharge from one class of debts has no effect upon debts of the other class. No later case has questioned this doctrine, and I must assume it to be the law of the State to-day. In *Lothrop* v. *Tilden*, 8 Cush. 375, the warrant issued upon a representation that the petitioner was indebted both personally and as a member of a firm, the only debts proved were partnership debts, and the certificate in terms purported to cover these debts.

The next important adjudication bearing upon the question now before us was in *Robb* v. *Mudge*, 14 Gray, 534, which in my judgment fully covers the present case. It was a suit involving large amounts, and was argued by several of the ablest lawyers in the State. In that case, as in this, the insolvent debtor did not represent the partnership estate as insolvent, and the proceedings in the insolvency court had reference to his individual estate alone. A firm of which he was a member was dissolved a few months before the commencement of the insolvency proceedings, owing debts upon which he was liable as a partner at the time of their commencement. The claims were presented by the holders of them for proof in the insolvency court against his estate. It was held, in an elaborate opinion by Mr. Justice Bigelow, that they could not be received, and they were disallowed. There was no intimation that the claims could be given any kind of standing in that proceeding. Both the judgment and the language of the opinion and the judgment were directly contrary to the decision in *Barclay* v. *Phelps*, and it seems to me that the result reached necessarily followed from the decision in *Baker's case*, and from a careful consideration of our statutes.

It is to be noticed that our courts of insolvency have no juris-
diction except that which is expressly conferred upon them by
the statute, and until the enactment of St. 1894, c. 164. had
no jurisdiction whatever in equity.   The jurisdiction in re-
gard to partnership estates is conferred by the Pub. Sts. c. 157,
§§ 120 et seq., and it exists only " when two or more persons
who are partners become insolvent." If the partnership is insol-
vent, its estate, as well as that of each of the individual partners,
is brought into court, and it may be brought in upon the repre-
sentation of either of the partners or of the creditors of the
firm.   If the partnership estate is brought into court to be set-
tled, the estates of the firm and of the individual members,
although dealt with at the same time and in one proceeding,
are settled separately, as if separate warrants had been issued
against each.   Baker's case, ubi supra.   Pub. Sts. c. 157, §§ 121,
123, 124.   Creditors can only prove against the estate which
is indebted to them.   The only way in which they can derive
any benefit from an estate of another class is by having any
surplus that, remains after paying creditors of that class in full
added to the assets of the estate against which they have proved.
There is no provision in the statute for any kind of proof except
a real proof that entitles one to his dividend with the others.
If a debt is presented for proof, it is either proved and allowed,
or it is disallowed.   If it is proved, it entitles the holder to all
the rights of a creditor, among which are the rights to receive a
dividend and to assent or withhold assent to a discharge.   I do
not know where any warrant is found in the statute for giving a
creditor an anomalous position, which is not that of a holder of
a proved claim, but that of a holder of a claim which is recog-
nized by the court for the purpose of sharing in a surplus, if
there is any, after the estate is settled by paying in full all cred-
itors whose claims are regularly proved, and who are entitled to
dividends.   The general provisions in regard to the proof of
claims and the rights and liabilities of creditors seem to me in-
applicable to claims presented for such a purpose only, and no
special provision is made for such claims.   I have searched the
books in vain for a case under our statute in which the court,
after administering an estate that paid individual debts in full,
has attempted to administer the surplus by a distribution among

partnership creditors, unless the partnership estate was first brought into court, under Pub. Sts. c. 157, § 120, by the insolvency of the several partners. If such an attempt is hereafter made, there being no jurisdiction of the partnership assets or of the assets of the solvent members of the firm, it will be interesting to consider what scheme can be devised for the purpose.

If a partnership is insolvent, it must be brought into court, and its affairs are properly settled there. If the partnership is not insolvent, some of the partners being in a condition to pay all partnership debts as they are presented, there is no occasion for the partnership creditors to come into court, and the individual insolvent debtor has no occasion to obtain a discharge from the partnership debts. There is but a bare possibility that he will ever be called upon to pay any of them after getting his discharge from his individual debts; and if he should be, he would have his remedy over against the solvent members of the firm. His copartners are fully protected, for his liability to contribute his share of any deficiency is an individual liability which they may prove against his estate. Upon the doctrine laid down in *Baker's case*, and in *Robb* v. *Mudge*, the proceedings are simple, and the rights of everybody are fully protected.

The rule laid down in *Robb* v. *Mudge* was reaffirmed with emphasis in *Wild* v. *Dean*, 3 Allen, 579, in which firm creditors attempted to prove their claims against the estate of an individual partner, the principal difference between this case and *Robb* v. *Mudge* being that in this the partnership, as well as the individual, was in insolvency. Since the decision in *Robb* v. *Mudge* there is nothing in our books that I can find which indicates that a partnership creditor can prove a claim against the individual estate of one of the partners, whether the partnership is adjudged insolvent or not.

Nobody contends that he can prove for the purpose of sharing with the individual creditors, or of receiving anything unless they are first paid in full. But if an anomalous kind of proof is to be allowed which is wholly subordinate to other rights in the separate estate, how can it be consistent with the nature and purpose of the proof to allow the firm creditors, by their assent, to discharge the insolvent from his individual debts? And how can such anomalous kind of proof, which does not entitle firm

creditors to a dividend, bring them within the terms of the discharge, which includes only debts proved or provable against the estate? Clearly, it is not the kind of proof meant by the statute.

Under the doctrine of the opinion, an injustice may be done to a debtor as great as that done to the separate creditors in the present case. A debtor who complies with all of the provisions of the statutes is entitled to a discharge if his estate pays a dividend of fifty per cent or more to the creditors among whom it is distributed. Suppose that a debtor's estate pays a dividend of ninety per cent to separate creditors, and suppose that one of these creditors desires to prevent the granting of the discharge and induces partnership creditors of a solvent firm of which the debtor was a member to present claims which are proved in this special way to an amount greater than the whole amount of the separate debts. If these claims are reckoned with the claims of the separate creditors in determining whether a discharge shall be granted, the dividend of ninety per cent will not be enough to make a dividend of fifty per cent upon the aggregate of the debts of the two classes. If this method is adopted, a debtor may be unable to obtain a discharge from his separate debts unless he pays them in full, even though there is partnership property in the possession of the solvent partners to an amount sufficient to pay all the partnership debts. An important object of the law may thus be entirely defeated.

All of the decisions in other States which have come to my attention tend to support my view, and nearly all of those in the federal courts. *Corey* v. *Perry*, 67 Maine, 140. *Poillon* v. *Lawrence*, 77 N. Y. 207. *Perkins* v. *Fisher*, 80 Ky. 11. *In re Little*, 1 Nat. Bankr. Reg. 341. *In re Winkens*, 2 Nat. Bankr. Reg. 349. *Hudgins* v. *Lane*, 11 Nat. Bankr. Reg. 462. *Crompton* v. *Conkling*, 15 Nat. Bankr. Reg. 417. See also, as bearing upon the question, *Rice, appellant*, 7 Allen, 112; *Nutting* v. *Ashcroft*, 101 Mass. 300; St. 1865, c. 113; Pub. Sts. c. 157, § 125; *Bucklin* v. *Bucklin*, 97 Mass. 256.

I think the petition to expunge the proof of the partnership debts should be granted.