In re BECK.

(District Court, D. Massachusetts. July 10, 1901.)

No. 4,696.

BANKRUPTCY—MEMBER OF PARTNERSHIP—SELECTION OF TRUSTEE.

Bankr. Act, § 5b, providing that the creditors of the partnership shall appoint the trustee, applies only in case of a joint petition; and in case of the separate bankruptcy of one of the members, though all the assets are partnership assets, the separate creditors are entitled to vote.

In Bankruptcy.

Joseph A. Sweeney, for creditors.
Samuel B. Taft, pro se.

LOWELL, District Judge. The only question left to be decided in this case concerns the right of a separate creditor to vote for trustee in case of the separate bankruptcy of one member of a partnership; all the assets being partnership assets, and there being one joint creditor. Bankr. Act, § 5b, provides that "the creditors of the partnership shall appoint the trustee," but I am of opinion that this provision applies only in the case of a joint petition. In the case of a separate petition it would be inconvenient that the right of creditors to vote should depend upon the bankrupt's membership in a partnership perhaps undisclosed in the petition, or upon the nature of the assets. Would the separate creditors appoint the trustee, under a joint petition, if all the assets were separate? It is a safer rule to make the right to vote depend upon the nature of the petition, and not upon outside facts. We are not concerned here with the distribution of the estate, but only with the choice of a trustee. See Clarke v. Stanwood, 166 Mass. 379, 44 N. E. 537, 34 L. R. A. 378; In re Webb, Fed. Cas. No. 17,317. If the votes of the majority of separate creditors will unduly affect the rights of the minority of joint creditors, the referee has power to control the decision of the former. It may be said that in this case, under section 5h, the partnership property should be administered by the nonbankrupt partner. This may be true, but the fact does not concern the right to vote for trustee of the bankrupt. Perhaps the nonbankrupt partner has assented to the administration of the joint estate by the court of bankruptcy. Decision of the referee affirmed.