## In re MEYERS.

(District Court, S. D. New York. November 16, 1899.)

1. BANKRUPTCY—PARTNERSHIP PETITION—AMENDMENT.

Where a voluntary petition in bankruptcy by partners prays that "the petitioners" may be adjudged bankrupt, instead of "the said firm," but otherwise follows the official form for a partnership petition, describing the petitioners as the members of the firm, and the schedules show that all their debts are firm debts, and the order of adjudication corresponds with the petition, the defects of form in the petition and adjudication are

not material on opposition to the application for discharge, but may be amended nunc pro tunc.

**2. SAME—SEPARATE DISCHARGE OF ONE PARTNER.**

Where a firm has been adjudged bankrupt on the voluntary petition of the partners composing it, either partner, without reference to the others, may present his individual petition for a separate discharge.

**3. SAME—FORM OF APPLICATION.**

Where one member of a bankrupt firm desires to apply separately for his discharge, the petition therefor should recite the adjudication of the firm and of the petitioner as a member of it, and should pray for a discharge from both firm and individual debts, and the notice to creditors should advise them of the same facts.

In Bankruptcy. On bankrupt's application for discharge and opposition thereto by creditors.

Stillman F. Kneeland, for bankrupt.

Platzek & Stroock and Black, Olcott, Gruber & Bonynge, for opposing creditors.

BROWN, District Judge. A discharge of the above bankrupt having been refused in a prior case, because there were apparently firm assets (In re Meyers [D. C.] 96 Fed. 408) a new petition was filed on September 19, 1899, by George H. Meyers and Amelia A. Meyers jointly, alleging that they were members of the firm of Meyers Bros., composed only of the petitioners; that the firm have no assets other than as stated in the schedules, and that the schedules state all of their debts as co-partners and all their individual debts and assets, the individual debts being none, and the firm assets being stated as outstanding book accounts amounting to $9,530.29. The petition concludes with the prayer

"That the petitioners may be adjudged by the court to be bankrupts within the purview of said acts."

A trustee having been appointed at the first meeting of creditors, a petition was thereafter filed by Amelia A. Meyers on October 24th, praying that she

"May be decreed by the court to have a full discharge from all debts provable against her estate under said bankrupt acts, except such debts as are excepted by law from such discharge."

On the return day of the petition for discharge, preliminary objections to any further proceedings have been made by various creditors who proved their claims, on the grounds (1) that there has been no firm adjudication as is necessary with partners having assets; and (2) that all the debts scheduled are firm debts, which cannot be discharged upon merely individual adjudications.

The previous ruling of the court in this case ([D. C.] 96 Fed. 408, 411) that in order to secure a discharge from firm debts there must be an adjudication of the firm as bankrupt, and a firm trustee appointed, where there are firm assets, is settled by the authorities for this district, and apparently by the supreme court in Amsinck v. Bean, 22 Wall. 395, 405; In re Winkens, 2 N. B. R. 349, Fed. Cas. No. 17,875; In re Shepard, 3 N. B. R. 172, Fed. Cas. No. 12,754; Crompton v. Conkling, 15 N. B. R. 417, Fed. Cas. Nos. 3,407, 3,408. I have no doubt that the petition in the present case was designed to procure

a firm adjudication and the discharge of both bankrupts from the firm debts. The petition for adjudication is in the form prescribed by the supreme court for partnership cases, except that in the final prayer it does not ask that said "firm" may be adjudged bankrupt, but only that the petitioners may be adjudged bankrupt. In the petition, however, they are described as the members, and the only members, of the firm of Meyers Bros.; and the schedules show that all their debts were debts as co-partners in that firm. The order of adjudication follows the petition, and does not adjudicate the firm bankrupt, but only the two petitioners. In the notice for the first meeting of creditors, the two petitioners are described as "formerly trading as Meyers Brothers." A trustee was appointed of the bankrupts' estate and effects, which under the petition must include their joint and several estate. I am of the opinion, therefore, that the defect of form in the petition and adjudication is not a material one, but one which may be amended nunc pro tunc by inserting a prayer for an adjudication of the firm as well as of the individuals as bankrupts, without prejudice to the subsequent proceedings. In re Little, 1 N. B. R. 341, Fed. Cas. No. 8,390; General Order 11 (32 C. C. A. xiv., 89 Fed. vii.).

It is argued that under section 5 of the present act, an individual petition for a separate discharge after an adjudication of the firm, cannot be maintained. I do not appreciate the force of this contention, and must overrule it. If it were sound, it would follow that in no case of a firm adjudication could an honest partner be discharged, if a discharge was denied to his co-partner on account of the latter's wrong, though the former was in no way privy to it. This would be plainly contrary to the evident purpose of the sections of the act relating to discharges, and no such construction of section 5 seems in the least necessary.

I am not satisfied, however, with the forms adopted in the proceeding for Mrs. Meyers' individual discharge. In her petition for discharge there is no reference to any firm proceeding, to firm debts, or to any joint or firm adjudication. The petition states that on the 19th of September she was duly adjudged bankrupt; that she has duly surrendered all his (her) property, etc., and prays discharge from all debts provable against her estate. This suggests only a separate, individual proceeding from the start. The notice to creditors is headed in her name only; it states that Amelia A. Meyers has filed her petition praying discharge from all her debts, and that all creditors are ordered to attend, etc. To persons not previously informed of the proceedings, and not knowing that Amelia A. Meyers was one of the old firm of Meyers Bros., the notice to creditors would not afford the least hint that they were required to attend in order to oppose, if they desired to oppose, a discharge of Mrs. Meyers from the debts of Meyers Bros.

The petition for discharge should, therefore, be amended so as to agree with the facts, by stating an adjudication of the firm of Meyers Bros., and of George H. and Amelia A. Meyers, the members composing the firm, as bankrupts; and praying for her discharge from the firm and individual debts; and the notice to creditors should be in substantially that form.